HINTON *v.* HINTON

No. 43650 November 15, 1965 179 So. 2d 846

*Gray & Montague,* Hattiesburg, for appellant.

*Edward J. Currie, Sr.,* Hattiesburg, for appellee.

GILLESPIE, J.

Mrs. Mary Juanita Merritt Hinton, herein referred to as complainant, filed an original bill for divorce against her husband, Frank Sumrall Hinton, herein referred to as defendant. She sought a divorce on the ground of habitual cruel and inhuman treatment and prayed for a decree adjudging her to have an equitable interest in defendant's real property, and reasonable sums for alimony and attorney's fees. Defendant denied the material allegations of the original bill and filed a cross-bill praying for a divorce on the ground that complainant was guilty of habitual cruel and inhuman treatment. The chancellor entered a final decree adjudging "that each of said parties is entitled to an absolute divorce from the other upon the ground of habitual cruel and inhuman treatment. ." He awarded complainant the sum of $2,000 for alimony and attorney's fees without designating how much of said sum was alimony and how much was attorney's fees. The decree denied that complainant had any right in defendant's real property and cancelled her claim that she had an equitable interest therein. Costs of the trial court were taxed one-half to each party. No children are involved.

Complainant appealed to this Court and defendant filed a cross-appeal.

Complainant assigns as error the lower court's action in overruling her motion and request for a separate finding of facts and conclusions of law. This request was filed on the 16th day of November, after termination of the trial on November 5th. The final decree was entered the same day the motion for the separate findings was filed. The motion consisted of fourteen requests in the nature of interrogatories, many of which were questions involving evidentiary rather than ultimate facts. In view of the nature of the questions and the fact that the decree must be reversed for other reasons we pretermit consideration of the merits of this assignment.

Complainant contends in her second assignment of error that the court erred in awarding defendant a divorce on the grounds of "habitual cruel and inhuman treatment." On the other hand, defendant contends in his cross-appeal that the chancellor erred in finding and adjudging that complainant was entitled to a divorce on the grounds of "habitual cruel and inhuman treatment." We have carefully studied the testimony and conclude that the chancellor could have resolved this question in favor of either party, or he could have denied both a divorce.

██ ██ We are of the opinion that this Court should not affirm a decree granting a divorce to both parties on the ground that both are guilty of habitual cruel and inhuman treatment. ██ ██ In order for habitual cruel and inhuman treatment to warrant a divorce, it must be the proximate cause of the separation. Bunkley and Morse's Amis, Divorce and Separation in Mississippi § 3.14(17), page 131 (1957). ██ ██ The two parties cannot be both guilty and innocent of habitual cruel and inhuman treatment. The divorce laws of this State do not provide that the habitual cruel and inhuman treatment of both parties can be concurring proximate causes of the separation, entitling both to a divorce.

The decree in this case is self-contradictory, and should be reversed.

■■ Complainant next complains that the $2000 awarded to her for both alimony and attorney's fees is grossly inadequate. In his cross-appeal defendant contends the court erred in awarding complainant any sum for alimony or attorney's fees. We do not pass on these questions except to say that any award the court might make upon remand should designate whether it is for alimony or attorney's fees, and if for both, separate items should be allowed.

■■ Finally, complainant contends that the trial court should have awarded her an equitable interest in defendant's property. The proof showed that at the time of the marriage of the parties in 1948, she was 23 years old and he was 46. Defendant had saved $7900, with part of which he purchased a small farm near Hattiesburg about a year after their marriage. The parties moved into an old house and defendant began truck farming, and for about ten years got along satisfactorily. Complainant did various work about the farm as any other industrious farm wife would do. In the meantime, defendant caused a modern house to be built on the farm. He paid part of the money down and subsequently paid the balance from money earned from growing truck crops on the farm. About five years before the divorce suit was filed, complainant decided she wanted to be a licensed practical nurse and thereafter worked in Hattiesburg and contributed some income to the family living and paid most of her own expenses. She contends that she is entitled to an equitable interest in defendant's farm, which is worth $20,000 to $25,000.

To hold that complainant is entitled to one-half of the property of defendant would be tantamount to adopting to a limited extent the community property system. We have declined to engraft on the laws of this State

features of that system. Brabham v. Brabham, 226 Miss. 165, 84 So. 2d 147 (1955). It would serve no purpose to relitigate this issue on remand.

We affirm that part of the decree adjudging that complainant is not entitled to an equitable interest in defendant's real property. In all other respects the decree is reversed and the cause is remanded to the chancellor for an appropriate decree on the record made in the former trial, together with any other evidence the chancellor might desire to hear and consider.

The motion of the complainant for attorney's fees for the services of her attorney in this Court is sustained, and complainant is awarded $250.00 for use of her attorney for services rendered in this Court on appeal.

Affirmed in part, reversed in part, and remanded.

All Justices concur.