231 So.2d 793 (1970)
James C. HARRELL, Defendant/Appellant,
v.
Audrey Nell HARRELL, Complainant/Appellee.
No. 45536.
Supreme Court of Mississippi.
January 12, 1970.
Rehearing Denied March 9, 1970.
*794 Barnett, Montgomery, McClintock & Cunningham, Jackson, for defendant-appellant.
Watkins, Pyle, Ludlam, Winter & Stennis, Robert H. Weaver, P. Nicholas Harkins, III, Jackson, for complainant-appellee.
PATTERSON, Justice:
This appeal arises from the Chancery Court of the First Judicial District of Hinds County wherein the appellee, Mrs. Audrey Nell Harrell, was granted a divorce from the appellant, James C. Harrell. It involves, in addition to the divorce, the custody of a minor son, the division of a joint bank account, and awards of alimony.
James and Audrey Nell Harrell were married February 19, 1956, and at the time of the trial were the parents of Larry Stephen Harrell, a boy five years of age.
The appellee by her bill of complaint sought a divorce from her husband upon the grounds of habitual cruel and inhuman treatment. She also sought the custody of their son, the division of a joint bank account, and alimony for the support of herself and son. In his answer the appellant denied the allegations of the bill of complaint relating to divorce and alimony. He admitted the parties owned a joint savings account, but alleged that it came into existence as the result of his sole effort. He sought the custody of the child by way of cross bill.
After an extensive hearing, the trial court granted the appellee a divorce as well as the custody of the child. The court also adjudicated the appellee to be entitled to $6,895.17 which was one-half of the joint bank account of the parties. An award of $5,325 was made to the appellee as "lump sum" alimony and a further award of $150 per month for the appellee and $150 per month for the child was made as future alimony.
The appellant assigns as error that (1) the court erred in finding that Mrs. Harrell had met the burden of proof to establish a cause for divorce, (2) the court erred in decreeing the appellee to be the owner of an undivided one-half interest in the joint bank account, (3) the court erred in awarding the "lump sum" alimony and alimony payable in future monthly sums, and (4) the court erred in limiting the visitation hours of the appellant to the first and third Sundays of each month.
The evidence adduced in support of the allegations for divorce are sordid and can serve no worthwhile purpose in being related. We have carefully considered the entirety of the record, and in our opinion there is ample evidence to support the conclusion of the lower court that the complainant was entitled to a divorce due to the habitual cruel and inhuman treatment afforded her by the appellant. We certainly cannot state, in view of our repeated opinions to the contrary, that the chancellor was manifestly wrong in his findings of fact, as there is plausible evidence to support it. Ellis v. Ellis, 248 Miss. 483, 160 So.2d 904 (1964), and the authorities cited therein. We are, therefore, of the opinion the first assignment of error is without merit.
The appellant next contends that the lower court erred in adjudicating the appellee to be the owner of a one-half interest in a joint savings account of the parties. For a number of years prior to this suit the complainant and defendant maintained a joint savings account in the First Federal Savings & Loan Association. Until a short time before the trial there was $13,206.08 in the account, all of which *795 was accumulated by the defendant. To what extent the frugalities of the complainant as a wife contributed to the defendant's ability to save this sum we cannot determine. Indeed, since we are not a community property state, the determination is probably unnecessary. Cox v. Cox, 183 So.2d 921 (Miss. 1966); Hinton v. Hinton, 254 Miss. 50, 179 So.2d 846 (1965); and Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955). We glean from the authorities that the determination of ownership of a joint bank account ordinarily reduces itself to a finding of intent. In 10 Am.Jur.2d, Banks, section 374 (1963), we note:
* * * The prevailing view seems to be, however, that while joint accounts are presumed to be vested in the names as given in the deposit as equal contributors and owners in the absence of evidence to the contrary, the intention of parties is the controlling factor, and where a controversy arises as to the ownership thereof evidence is admissible to show the true situation.
In 10 Am.Jur.2d, Banks, section 501 (1963), we find also: "In each case the question is, what are the true interests?" The account in question was opened July 10, 1957, to the credit of Mr. James C. Harrell or Mrs. Audrey Nell Harrell. It was closed by the appellant March 4, 1968, prior to the filing of this suit on May 9, 1968, by transfer to an account in the name of James C. Harrell, trustee for Larry Stephen Harrell. Thereafter, in response to an allegation of the bill of complaint that the account was the joint property of the parties, the defendant answered: "Defendant further admits that the parties own a savings account at First Federal Savings & Loan Association in the sum of $13,206.08." Subsequently, after issue had been joined, the complainant filed a motion for an order adjusting the funds of the account. This motion concluded with a prayer for the court to determine the complainant to be the owner of one-half of the account. The defendant did not respond to this motion by plea or otherwise, the only reference thereto being the testimony of the defendant on the trial on the merits wherein he stated that he had earned the money since the marriage. As a matter of fact, the ownership of the account does not appear to have been an issue in the trial. This is indicated, we think, by the admission in the answer, the failure to respond to the complainant's motion for the adjustment of the account, and by the response of appellant's counsel to a question of the court propounded after both sides had rested their cases. This colloquy transpired between opposing counsel and the court:
"BY MR. WEAVER: In addition to this statement, Your Honor, I have filed a motion with the Court for an order adjusting funds in the joint account, and would you like for us to go into that?
"BY THE COURT: I believe your motion is here. Is there any dispute about that, Mr. Stribling?
"MR. STRIBLING: About the motion, Your Honor?
"BY THE COURT: Yes, about the contents of it. Was it taken from the joint account?
"MR. STRIBLING: No, there is no dispute about it, we can't see that 
"BY THE COURT: Well, the Court is not passing on the effect of it at this time.
"BY MR. WEAVER: This is the only statement I have to make.
"BY THE COURT: Now, Mr. Stribling, what do you have to say?
"MR. STRIBLING: * * * And another thing about the money involved with these accounts, Mr. Harrell has pointed out to me that the Forest Bank account was accumulated completely by him before their marriage, in the amount of Two Thousand Two Hundred Thirty Dollars, and that the First National Bank account in the amount of approximately *796 Five Thousand One Hundred Twenty-Nine Dollars, these two accounts were accumulated completely by him before the marriage, and should not enter into this joint estate that they have accumulated since the marriage."
The issue thus appears to have arisen for the first time on appeal rather than in the trial court, and for this reason it will be disregarded. Vinson v. Cooley, 54 So.2d 750 (Miss. 1951) and Talbert v. Melton, 9 Smedes & M. 9 (1847). Under these circumstances we are of the opinion that the trial court correctly determined the complainant to own one-half of the account, as this seems to be in accord with the undisputed intent of the parties.
The appellant next maintains that there was error on the part of the trial court in granting both a definite amount payable presently as alimony and alimony payable in future monthly installments, his argument being that the same is excessive. The authority for an award of alimony when a divorce is decreed is Mississippi Code 1942 Annotated section 2743 (1956):
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require. However, where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each.
By the terms of the statute the court has discretion, having regard to the circumstances of the parties to make an award for the support of the wife and child as may seem equitable, and numerous decisions of this Court relating thereto unvaryingly hold that the chancellor's decision adjudicating the award will not be set aside by this Court unless it is against the overwhelming weight of the evidence. Lowry v. Lowry, 229 Miss. 376, 90 So.2d 852 (1956); Pickering v. Pickering, 51 So.2d 740 (Miss. 1951); and De Marco v. De Marco, 199 Miss. 165, 24 So.2d 358 (1946).
The record reflects that the appellant's average earnings for the years 1964 through 1967 are in excess of $633 per month. From these and other earnings during their marriage he and his wife were able to accumulate in excess of $25,000 in savings. Giving consideration to the earning ability of the appellant, the savings account, the need and circumstances of the appellee and child, we cannot hold that the chancellor was manifestly wrong in his finding and decree of alimony. One of the contentions of the appellant is that the court is without authority to decree "lump sum" alimony in combination with future monthly payments. We have been unable to find any authorities in point nor are any cited by the appellant. In considering this proposition with the express terms of the statute in mind, as well as this Court's opinions that the award is largely within the discretion of the trial court, we are unable to discern any plausible reason why a lump sum award if reasonable in amount as determined from the circumstances of the parties, would violate the terms of the statute even though made in conjunction with other alimony. The appellant argues, though the record fails to disclose evidence on this point, that he is now disabled and that his earning capacity is reduced. Though perhaps trite, we reiterate that which the statute expresses "* * * and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require." *797 Miss.Code 1942 Ann. § 2743 (1956). We conclude that this assignment of error is without probity.
The decree of the court below is next challenged with regard to the custody of the child. He is of tender years and needs the care only a mother can provide. The father as the wage earner could not logically afford the time necessary to the well being and training of the child. The father was granted the right of visitation of his son on the first and third Sundays of each month beginning at 8:00 a.m. and ending at 5:00 p.m. on the same date, beginning in October 1968. Thereafter, in September 1969, at which time the child would have entered school, the visitation period was limited to the third Sunday of each month. The decree also provided for the father to have the right to have the child to visit with him one week during vacation months of school, as well as the right of visitation with the child on Christmas day in alternate years. The trial court enjoys a large amount of discretion in making its determination of what is for the best interest of the child; and again, from a review of the record we cannot determine from the evidence that the trial court was manifestly wrong. The decree is, of course, subject to modification as the child matures and circumstances change. Though appellant's argument was ably presented and is persuasive, we are of the opinion that the determination was primarily one for the trial court and we should not disturb it.
The appellee has moved this Court for a reasonable attorney's fee. This motion will be overruled as it is apparent from this opinion the appellee has funds with which to pay her own attorney.
Affirmed.
ETHRIDGE, C.J., and JONES, INZER, and ROBERTSON, JJ., concur.