RODGERS, Presiding Justice.
The appellant, Mrs. Lessie Tanner Pierce, filed a divorce suit against her husband, Jim Pierce, in which she charged her husband with cruel and inhuman treatment toward the appellant. She also charged *301 that she and her husband had accumulated one hundred and four thousand dollars ($104,000.00) in cash and a home and other real estate. She alleged that she was entitled to a one-half (i/i) interest in the money, real estate and other personal property held in the name of her husband. The ap-pellee filed an answer and cross-bill seeking a divorce upon the grounds of desertion.
After a lengthy hearing the chancellor determined that there were sufficient grounds shown by the evidence on which to grant a divorce to the complainant Mrs. Pierce. He divided the household goods and furniture. He gave Mrs.Pierce a one-half (J4) equitable interest in the home place consisting of thirty-two and one-half (32i/¿) acres. Mrs. Pierce was awarded the use of the home place, but the court held that if she failed to use the home for four months, on application of either party, the chancellor would appoint a commissioner to sell the home so as to divide the proceeds. He also gave the wife an award of five thousand dollars ($5,000.00) lump sum settlement of property and alimony of one hundred fifty dollars ($150.00) per month for twelve (12) months and one hundred twenty-five dollars ($125.00) per month thereafter. He allowed Mrs. Pierce seven hundred and fifty dollars ($750.00) as attorney’s fee.
The appellant has appealed to this Court and now contends that the chancellor was manifestly wrong in not awarding Mrs. Pierce sufficient funds to take care of her the remainder of her life out of the funds alleged to have been accumulated by the joint efforts of Mr. and Mrs. Pierce. The entire argument of the appellant is based upon the theory that the defendant had fraudulently hidden the money so as to prevent the court from dividing the money held by the defendant.
The appellee has cross-appealed and as cross-appellant he contends that the court was in error in holding that there was a resulting trust created by the activity of the cross-appellee and that the appellant had an interest in the estate of the cross-appellant; that the chancery court had no authority to take the property of the cross-appellant and give it to the cross-ap-pellee; that the lump sum award of five thousand dollars ($5,000.00) to Mrs. Pierce was excessive; and that fixing a lien on cross-appellant’s real estate by decree of the chancery court was erroneous.
Since there is no contest as to the decree of the court in granting a divorce, we move directly into the real issues on appeal, that is, was the court in error in holding that the appellant, Mrs. Pierce, had an equitable interest in the home place of her husband because of a resulting trust; and was she entitled to a lump sum settlement in addition to the monthly alimony to be paid by the husband.
At the outset it may be said that there was considerable conflict in the testimony as to the amount of money accumulated by the husband, Mr. Pierce. In the final analysis, however, the amount of money owned by the husband is important only in determining the ability of the ap-pellee, cross-appellant, to pay the alimony fixed by decree of the court and as an aid to determine the amount of alimony to be assessed by the court.
An examination of the record and briefs filed in this case leads us to the inescapable conclusion that the decree of the chancery court is erroneous and must be reversed for the following reasons.
The chancery court has no authority to divide the real property belonging to the husband so as to give the wife a title interest in his property as alimony for the wife. See the many cases cited in Cox v. Cox, 183 So.2d 921 (Miss.1966) and Harrell v. Harrell, 231 So.2d 793 (Miss.1970). Bunkley & Morse, Amis on Divorce and Separation in Mississippi § 606, p. 185 (1957).
*302 We said in Hinton v. Hinton, 254 Miss. 50, 179 So.2d 846 (1965) that:
“To hold that complainant is entitled to one-half of the property of defendant would be tantamount to adopting to a limited extent the community property system.” 179 So.2d at 848.
This is not to say, however, that the chancellor cannot establish a lien upon the real property of the husband to insure the prompt payment of alimony due to the wife for the support of the wife and family; nor does this rule prevent the chancellor from permitting the wife the privilege of possessing the real estate including the home for her use and the use of their children as a part of the support due .to her by the husband.
 We are convinced that the testimony introduced in this case does not establish a resulting trust in favor of Mrs. Pierce, because the mere fact that Mrs. Pierce helped her husband in the manner she contended does not establish a trust in her favor. We have previously pointed out that “Under the common law, the right of the husband to the services of his wife is a reciprocal marital obligation to that of the wife’s right to the support from her husband.” Cox v. Cox, 183 So.2d 921 at 923 (Miss.1966). See also Hinton v. Hinton, 254 Miss. 50, 179 So.2d 846 (1965).
Inasmuch as the chancellor took into consideration the erroneous division of the ap-pellee’s property as a part of the alimony due to Mrs. Pierce, we reverse this case so that the chancellor may reconsider the amount of alimony to be paid by the appel-lee Mr. Pierce to Mrs. Pierce, including the alimony previously paid. Our study of the record in this case has convinced us that the appellee Mr. Pierce is much more able to pay a reasonable support for his wife than he is willing to admit to the court.
The decree of the chancery court will be reversed as to the division of the real estate belonging to the appellee so that the chancery court may reconsider and re-evaluate the alimony due to the appellant (including the use of the home).
In all other respects the decree of the chancery court is affirmed.
Affirmed in part and reversed in part.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.