275 So.2d 100 (1973)
Franklin Eugene DUBOIS
v.
Lilly Valena McCarty DUBOIS.
No. 47016.
Supreme Court of Mississippi.
March 19, 1973.
*101 Barnett, Montgomery, McClintock & Cunningham, James W. Nobles, Jr., Jackson, for appellant.
McLaurin & Nicols, Brandon, for appellee.
RODGERS, Presiding Justice.
Mrs. Lilly Valena McCarty Dubois was granted a divorce from her husband, Franklin Eugene Dubois, by a decree of the Chancery Court of Rankin County, Mississippi, upon the ground of adultery. They have three children  Eugenia, nine years of age; Franklin Eugene, Jr., seven years of age; and Daniel Lavon, four years of age.
The decree granted the mother custody of the children. She was awarded the use of their home and an automobile, and the husband, Franklin Eugene Dubois, was required to pay Mrs. Dubois eighty dollars ($80.00) per week as support for their minor children. Mr. Dubois was awarded visitation privileges to see the children on stated occasions. The decree, however, provided: "[T]hat the said children on said visitation period shall not be taken outside of Rankin County, Mississippi, without prior approval of the court; ..."
On appeal to this Court, the appellant contends that the testimony is insufficient to establish the alleged ground for divorce; that the child support required to be paid is excessive; and that in any event he should be permitted to take the children out of Rankin County on his periods of visitation.
We have carefully examined the recorded testimony in this case, and we are convinced that there is no merit in the first two assignments of error. There is sufficient evidence to establish the ground for divorce as alleged in the original bill of divorce, and the testimony sustains the decree of the court as to the amount of money the father should pay to the mother for the support of their children. Moreover, the chancellor is the judge of the weight and worth of the testimony and the court's decree based upon the evidence will not be disturbed unless manifestly wrong. Brent v. Cox, 246 So.2d 552 (Miss. 1971); Allen v. Thompson, 248 Miss. 544, 158 So.2d 503 (1963); Stovall v. Stovall, 218 Miss. 364, 67 So.2d 391 (1953).
The chancellor has authority [Sec. 2743, Miss.Code 1942 Ann. (1956)] to award custody of children in a divorce proceeding and to restrict permitted visitations. Moreover, the authority of the chancery court has been extended so as to cover all cases with reference to child custody. Section 1263.5, Mississippi Code 1942 Annotated (Supp. 1972) [Laws of 1960, Ch. 268]. However, the authority of the court mentioned in Section 1263.5, supra, does not act to deprive the original chancery court of jurisdiction of child custody cases where custody had been awarded in a divorce proceeding previously filed, and this is true although the child was later removed to another county. See Reynolds v. Riddell, 253 So.2d 834 (Miss. 1971).
In the instant case there is no testimony in the record which indicates that it would be detrimental to the welfare of the children for the father to take the children out of Rankin County within the time when he is permitted to visit with them. There is no showing that the father intends to take the children to visit the woman who is said to have been the cause of the divorce, and until the contrary is shown, we see no plausible reason to restrict the father's visits with his children to Rankin County.
Since this Court has authority to modify the decree appealed from, or it may *102 reverse in part and affirm in part a divorce decree [Gresham v. Gresham, 198 Miss. 43, 21 So.2d 414 (1945)] we are of the opinion that the decree in the instant divorce case should be modified by this Court so as to permit the father to take his children out of Rankin County for the time he is permitted to visit them. We are of the opinion that an attorney's fee of one-half (1/2) the two hundred dollars ($200.00) allowed by the chancellor as a fee for the trial of this case is proper. An attorney's fee of one hundred dollars ($100.00) is therefore allowed the appellee to pay her attorney as a fee for his work on appeal.
The decree of the chancery court is modified to eliminate the restriction limiting the father's visitation with his children to Rankin County, Mississippi.
With the foregoing modification, the decree of the chancery court is affirmed.
Affirmed.
INZER, SUGG, WALKER and BROOM, JJ., concur.