416 So.2d 653 (1982)
Mary George Peterson RIVES
v.
Don Shurden RIVES, Deceased, First United Bank of Meridian, Ms., Administrator.
No. 53256.
Supreme Court of Mississippi.
June 30, 1982.
As Modified on Denial of Rehearing July 28, 1982.
*654 Deramus, Lewis & Tucker, Frank Deramus, Louisville, W.O. Dillard, Jackson, for appellant.
Keyes, Moss & Piazza, Ben J. Piazza, Jackson, Kenneth Bridges, Louisville, for appellee.
Before WALKER, P.J., and BROOM and HAWKINS, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Chancery Court of Winston County wherein a divorce was granted to Don Shurden Rives from the appellant, Mary George Peterson Rives.
Mary George Peterson Rives had first filed her bill of complaint for divorce against Don Shurden Rives. Don Shurden Rives answered together with a cross-bill charging Mary George Peterson Rives with habitual cruel and inhuman treatment.
When trial was begun, the appellant, Mary George Peterson Rives, moved to amend her bill of complaint for divorce and in lieu thereof made her bill of complaint one for separate maintenance.
The appellee, Don Shurden Rives, opposed the motion. The court ruled:
We have the Motion of the Complainant to drop her prayer for a divorce and in lieu thereof to seek separate support and maintenance. This is opposed by the Defendant and Cross-Complainant. Cross-Complainant contends that he is entitled to a divorce himself. The Court is certainly of the opinion that if Mrs. Rives does not want a divorce, the Court would not be in a position to force her to seek a divorce. If she has grounds that would support separate maintenance, I think she is entitled to that. Since she is in effect seeking lesser relief on the same pleadings, I see no reason to deny the Motion. Therefore, the Court will permit the amendment of the Bill of Complaint so *655 that Mrs. Rives will not be entitled to a divorce. She will only be entitled to separate support and maintenance. If Mr. Rives establishes that he is entitled to a divorce, then he might be granted a divorce himself.
During the course of the trial the parties stipulated as follows:
At this time both parties move in view of the evidence to stipulate that the Complainant does in fact have grounds for separate maintenance and support and would like to confine the issue toward the amount relative thereto and to our Cross Bill.
In accepting the stipulation, the court made it clear that it was being accepted subject to the court making a determination of the amount of separate maintenance and support, if it should award any, the rights of visitation and the rights of the appellee, Don Shurden Rives, with reference to his cross-bill for divorce.
After hearing much conflicting testimony and observing the demeanor of the witnesses, weighing their testimony, the court filed a lengthy and comprehensive written opinion in which it made the specific finding:
The Court further concludes that the continuation of the marriage will simply further damage both parties as well as the children. Though the Court finds both parties to be guilty of cruelty and both parties at fault, the Court concludes that considering all the actions of the Cross Defendant [Mrs. Rives] and the effects that these have had on him, [Mr. Rives] that the Cross Complainant is entitled to a divorce on the grounds of habitual cruel and inhuman treatment. Having determined that the husband should be awarded a divorce, the Court must now address the issue of child custody. There is no controversy over this issue in that the husband admits that the wife is a proper parent and the custody of the children should be awarded to her.
The court awarded the two automobiles, a 1980 Cadillac and a 1978 Lincoln Continental to the wife for her and the children's use, and required the husband to provide tags and insurance on these automobiles. The court also ordered that Mr. Rives provide a reasonable supply of gasoline for the use of the children, if they asked him for it. The wife was awarded the use of the house and all of its contents provided she reestablished it as her permanent place of residence within ninety days. Mrs. Rives was awarded the sum of $750.00 per month alimony, plus $250.00 per month per child (a total of $750.00 per month for the children). The court further awarded additional sums required to provide college educations for the children. Additionally, Mr. Rives was required to pay all reasonable and necessary medical expenses for the three minor children.
Mr. Rives was awarded the income from the farm but was required to satisfy the obligations to the Federal Land Bank and Small Business Administration for the notes secured by the farm from this income.
The court further ordered that Mr. Rives pay the complainant the sum of $2,500.00 to cover legal expenses incurred.
The decree awarding Mr. Rives a divorce was entered on February 5, 1981. An appeal was immediately taken to this Court. Thereafter on September 6, 1981, the appellee, Don Shurden rives, died. The executor named in the last will of Mr. Rives resigned as executor, and the Chancery Court of Winston County by order dated October 16, 1981, named the First United Bank of Meridian, Mississippi, Administrator De Bonis Non Cum Testamento Annexo of the Estate of Don Shurden Rives, deceased.
Thereafter, upon proper motion made, this appeal was revived in the name of First United Bank of Meridian, Mississippi, administrator d.b.n.c.t.a.

ON MOTION, AS AMENDED, TO WITHDRAW APPELLEE'S BRIEF
On March 25, 1982, the administrator moved for leave to withdraw the brief of appellee and other papers filed in this cause by the appellee. In support of the motion, the administrator alleged that he had been advised and was of the opinion that his *656 fiduciary duty as administrator required the withdrawal of the brief of appellee and other papers in order to best serve the interest of the estate of Don Shurden Rives, deceased, and the beneficiaries of the estate. Attached to said motion was an order of the Chancery Court of Winston County dated March 18, 1982, in which the court found that there appeared to be a substantial monetary savings to the estate by the estate's withdrawal from the appeal of the divorce case between the decedent, Don Shurden Rives, and Mary George Peterson Rives; and, the court further found that the heirs, Mary Donna Rives, Gennifer George Rives, and Don Shurden Rives, Jr., would receive approximately $11,991.00 more per individual if the divorce was overturned. However, the court specifically found that Don Shurden Rives' will clearly showed that he intended that the divorce appeal be carried out by his estate.
The court was of the opinion that it would not be in the best interest of the estate to resist the divorce appeal and authorized the bank administrator to withdraw the appellee's brief and to allow the divorce to be reversed.
The appellant, Mary George Peterson Rives, had no objection to the motion or order.
The question presented is whether the monetary interest of the estate overrides the express will of the deceased that his executor (administrator d.b.n.c.t.a) pursue the appeal on his behalf.
We are of the opinion that the executor is bound by the wishes of the deceased, as found by the chancellor in his order, that the divorce appeal be pursued. In our opinion, the administrator would be derelict in his duty to willfully fail to carry out the express wishes of the deceased and substitute his own judgment therefor.
Therefore, the motion to withdraw appellee's brief is overruled.

THE APPEAL ON THE MERITS
The appellant, Mary George Peterson Rives, first assigns as error that the court erred in overruling her motion for a continuance.
We find no merit in this assignment of error. The appellant has not demonstrated in what way, if any, she was harmed or prejudiced by the court's refusal to grant a continuance. Moreover, a chancellor has broad discretion relative to the matter of continuances and will not be reversed unless there is shown a manifest abuse of discretion. We find none here.
The appellant next contends that the court erred in dismissing the bill of complaint for separate support and maintenance after it was stipulated that the complainant had grounds for the same.
In support of this proposition, the appellant argues that both parties cannot be guilty and innocent of habitual cruel and inhuman treatment at the same time. The complainant was asking for separate support and maintenance on the grounds of habitual cruel and inhuman treatment, and Mr. Rives was asking for a divorce on the grounds of habitual cruel and inhuman treatment. It is Mrs. Rives' position that when the defendant voluntarily stipulated that she had grounds for separate support and maintenance, that if both parties cannot be guilty and innocent of habitual cruel and inhuman treatment, then the court was manifestly wrong in granting the divorce to the appellee.
As authority, the appellant cites Hinton v. Hinton, 254 Miss. 50, 179 So.2d 846 (1965) where it is said:
We are of the opinion that this Court should not affirm a decree granting a divorce to both parties on the ground that both are guilty of habitual cruel and inhuman treatment. In order for habitual cruel and inhuman treatment to warrant a divorce, it must be the proximate cause of the separation. Bunkley and Morse's Amis, Divorce and Separation in Mississippi § 3.14(17), page 131 (1957). The two parties cannot be both guilty and innocent of habitual cruel and inhuman treatment. The divorce laws of this State do not provide that the habitual *657 cruel and inhuman treatment of both parties can be concurring proximate causes of the separation, entitling both to a divorce. The decree in this case is self-contradictory, and should be reversed. (179 So.2d at 848).
However, that opinion observed, "We have carefully studied the testimony and conclude that the chancellor could have resolved this question in favor of either party, or he could have denied both a divorce." (Id. at 847-48).
Since the divorce laws of this State do not provide that habitual cruel and inhuman treatment of both parties can be concurring proximate causes of the separation entitling both to a divorce, the Court, in Hinton, supra, was of the opinion that the decree was self-contradictory and should be reversed. However, the cause was remanded to the chancellor for an appropriate decree on the record made in the former trial, together with any other evidence the chancellor might have desired to hear and consider.
The Court in Hinton made it clear that where both parties are guilty of habitual cruel and inhuman treatment, it is encumbent upon the chancellor, if a divorce is to be awarded, to determine which party's cruel and inhuman treatment is the proximate cause of the divorce.
In the case sub judice, the chancellor specifically found that the actions of the husband did not cause the wife to separate. The court further found that the acts of the appellant, Mrs. Rives, "did stimulate" the physical violence toward her by Mr. Rives. The court further concluded "that the continuation of the marriage will simply further damage the parties as well as the children."
Considering the conflicting evidence before him, we cannot say that the chancellor was manifestly wrong in dismissing Mrs. Rives' cross-bill for separate maintenance and support and granting a divorce to Mr. Rives.
The appellant next contends that if the court was not in error in granting the divorce, the court was in error for not determining the property rights of the parties.
There is no merit to this contention because the record reveals of the 459 acres of land owned by Mr. and Mrs. Rives, Mrs. Rives, the appellant, owned all but 80 acres of the property as a joint tenant with right of survivorship. The chancellor awarded her full and complete use of the home, all the furnishings, together with two cars and alimony. It is true that Mr. Rives also owned a sawmill operation which was in his name and which the court made no mention of in its decree. However, this is not a community property state and the chancellor was under no obligation to divide the property equally. Cox v. Cox, 183 So.2d 921 (Miss. 1966); Pierce v. Pierce, 267 So.2d 300 (Miss. 1972).
This case is readily distinguishable from Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973); Clark v. Clark, 293 So.2d 447 (Miss. 1974); and recently in Reeves v. Reeves, 410 So.2d 1200 (1982).
In view of the fact that Mrs. Rives was awarded the full and complete use of the family residence together with all of the furnishings, provided that she reestablish it as a place of residence within ninety days, and the fact that she owned approximately 379 acres of land as joint tenant with Mr. Rives and that Mr. Rives was ordered to pay all of the outstanding indebtedness that was due and owing, we are unable to say that the chancellor erred in his award.
Finding no error, we are of the opinion that the decree of the chancellor should be and is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and SMITH, P.JJ., and BROOM, ROY NOBLE LEE and BOWLING, JJ., concur.
DAN M. LEE and HAWKINS, JJ., dissent.
*658 DAN M. LEE, Justice, dissenting:
I most respectfully dissent. The majority opinion being handed down proceeds to rule as a matter of law that the terms of the will expressly directed that the divorce appeal be carried out by First United Bank of Meridian, administrator of the estate of Don Shurden Rives, when, as a matter of fact, this Court does not have before it the will of Don Shurden Rives to determine whether such will did expressly so provide. All this Court has is an order dated March 18, 1982, which provides:
This Court this date heard the Ex Parte Petition of the Administrator for Directions and Authority to Carry said Directions Out and the Court does find and rule as follows, to-wit:
1. The Court finds that it has jurisdiction of the matters pled in the Petition.
2. The Court finds that there appears to be a substantial monetary savings to the Estate by the Estate's withdrawal from the appeal of the Divorce Case between the Decedent and Mary P. Rives. The Court further finds that the heirs Mary Dona Rives, Gennifer George Rives and Don Shurden Rives, Jr. would receive approximately $11,991.00 more per individual if the divorce is overturned. That each heir would receive more in the event that the separate action for Partition and Marshalling of Assets filed by Mary P. Rives is not victorious.
3. The Court further finds that Don Shurden Rives' will clearly showed that he intended that the divorce appeal be carried out by his estate. But the Court does not believe that it is in the best interests of the estate to resist the divorce appeal.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by this Court as follows, to-wit:
The administrator is hereby authorized to withdraw the Appellee's brief in the divorce appeal and to allow the divorce to be reversed. (emphasis added)
ORDERED, ADJUDGED AND DECREED, this the 18th day of March, 1982.
 /s/ John C. Love, Jr.
 CHANCELLOR
There is ample authority to the effect that if there is doubt as to the propriety of bringing, prosecuting or defending any suit, such party should submit the matter to the chancellor. In Morse, Wills and Administration in Mississippi, section 20:18, page 355, (1968) it is stated in part:
In case of doubt as to propriety of bringing, prosecuting or defending any suit, or the employment of attorneys for such purpose, he should submit the matter to the Chancellor.
In 33 C.J.S. Executors and Administration, section 147, page 1110, (1942), it is stated in part:
Sometimes it is the duty of the representative to seek direction and guidance from the court, and he should apply if he is in doubt as to his duties or the policy to follow, particularly if the security of the Estate is affected thereby... .
The rule of this Court is that the chancellor must be found manifestly wrong in making the finding and entering the order, supra. I cannot say that the chancellor was manifestly wrong, particularly in view of the fact that the Court did not have a copy of the will included in the appeal in this case in order that the Court could determine what the express wishes of the deceased were. The majority opinion states: However, we are of the opinion that the executor is bound by the express wishes of the deceased, as found by the chancellor in his order, that the divorce appeal be pursued. In our opinion, the administrator would be derelict in his duty to willfully fail to carry out the express wishes of the deceased and substitute his own judgment therefor." (emphasis added.)
I do not think that this Court should accept that part of the judge's order which states, "The Court further finds that Don Shurden Rives' will clearly showed that he intended that the divorce appeal be carried out by his estate", and then reject the following sentence of the learned chancellor which says, "But the Court does not believe that it is in the best interests of the estate to resist the divorce appeal."
*659 The majority opinion further provides, without citing any authority therefor, the following: "No briefs or any authority whatsoever have been furnished in support of the motion to withdraw appellee's brief on the grounds above alleged. The Court has no obligation to consider motions and petitions not supported by briefs and the motion could be overruled for that reason alone."
The case of Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963)[1], and its progeny advance this proposition. I do not think that it should be applied in this case because it is obvious that the motion and the amended motion to withdraw appellee's briefs are joined in by both the appellant and the appellee, which was fortified by a decree of the chancery court, who were no doubt operating under the theory that if the appellant and the appellee agreed, and the chancellor authorized it, then this Court would follow the wishes of the opposing parties. This would particularly be true when the chancellor enters his order finding that it would be in the best interests of the appellant and appellee that the appellee be allowed to withdraw its briefs.
It should not be the purpose of any court, particularly an appellate court, to make a finding of what the express wishes of a testator are in a will that the court has never seen. It is folly to do a vain and foolish thing to the detriment of the appellant and the appellee, joined in by the chancellor, for the purpose of setting legal precedent. This Court would do well to follow the admonition of Judge Griffith in his monumental work on Mississippi Chancery Practice, section 564, page 586 (2d Ed. 1950), where he stated in part:
Courts do not instigate or initiate civil litigation. They act only when called on for aid, and only in respect to that which is within the call. ... (emphasis added.)
It therefore follows that I would sustain the motion of the appellee, joined in by the appellant and the lower court, and allow the appellee to withdraw its briefs.
HAWKINS, J., joins this dissent.

APPENDIX
The Dozier Court raised Rule 7, section 2, did not dismiss the appeal, but said:

Bridges v. State, supra [154 Miss. 489, 122 So. 533], states that an assignment of error not argued is waived. However, the Court is not dismissing this appeal because of the brief filed. We have gone into the testimony in the case, and after a thorough examination of the evidence we are of the opinion that the case was a question for the jury, that the state made out a case of manslaughter against the defendant, and that the jury was warranted in bringing in a verdict against the defendant. The case is therefore, on the facts, affirmed. (247 Miss. at 853, 157 So.2d at 799-800)
NOTES
[1] See Appendix.