620 So.2d 543 (1993)
Jacklyn R. BLAND
v.
Robert B. BLAND.
No. 91-CA-0869.
Supreme Court of Mississippi.
June 10, 1993.
G. Eric Geiss, Geiss Law Office, Gulfport, for appellant.
Jack Parsons, Parsons & Taylor, Wiggins, for appellee.
En Banc.
McRAE, Justice, for the Court:
This appeal arises from the Chancery Court for the First Judicial District of Harrison County, Mississippi, where Jacklyn R. Bland was granted a divorce on the ground of habitual cruel and inhuman treatment. Finding that the chancellor committed manifest error in not granting the divorce on the ground of adultery, which was the only ground proved at trial, we reverse and render as to that assignment of error and affirm as to all other errors assigned on direct and cross-appeal.
The Blands, wife Jacklyn and husband Robert, appeal and cross-appeal from the grant of the divorce to Jacklyn on the grounds of habitual cruel and inhuman *544 treatment. Jacklyn claims as error the following:
(1) The grant of a divorce on habitual cruel and inhuman treatment instead of adultery grounds;
(2) Inadequate child support payment award of five hundred dollars ($500.00) monthly.
(3) Inadequate periodic alimony award of two thousand dollars ($2000.00) monthly ending when she becomes "employable"; and
(4) Denial of an equitable division of property acquired during the marriage and lump sum alimony.
Robert cross-appeals, claiming the following errors:
(1) Failure to grant him a divorce on cruelty grounds;
(2) The periodic alimony is excessive; and
(3) The medical expense award should not have been given.
We find no error on the part of the trial court with respect to the decision to grant the divorce. However, we reverse on one assignment of error: granting of the divorce on the ground of habitual cruel and inhuman treatment instead of adultery. Thus we affirm all the remaining assignments of error and only take issue with the ground on which the divorce was granted, for the purpose of reversing and rendering judgment on that error.
Jacklyn initially filed for divorce on the ground of habitual cruel and inhuman treatment, or, in the alternative, irreconcilable differences. She later amended her complaint to include adultery. At trial, however, she presented proof on adultery only and produced two witnesses who admitted having sexual relations with Robert prior to the separation. Furthermore, Robert admitted the adultery himself. Jacklyn's only testimony regarding cruel and inhuman treatment was elicited on cross-examination and consisted of her statement that Robert struck her on one occasion ten years before.
The chancellor found the following:
[Robert Bland] admitted that he had had extramarital sexual affairs with two women while he had been married to [Jacklyn] so [Jacklyn's] charge that he committed adultery is sustained by the evidence and a divorce should be granted on the ground of habitual, cruel and inhuman treatment. (emphasis added).
This Court will not reverse a chancellor's decree of divorce unless it is manifestly wrong as to law or fact. Dillon v. Dillon, 498 So.2d 328, 329 (Miss. 1986); Chaffin v. Chaffin, 437 So.2d 384, 385 (Miss. 1983); Dubois v. Dubois, 275 So.2d 100, 101 (Miss. 1973); see also Aldridge v. Parr, 396 So.2d 1027 (Miss. 1981) citing Humber v. Humber, 109 Miss. 216, 68 So. 161 (1915). The question before this Court is whether a chancellor can sua sponte grant a divorce on a ground different from that proved at trial.
Jacklyn sought a divorce on the ground of habitual cruel and inhuman treatment, irreconcilable differences, and adultery. The record reflects that she clearly showed adultery and the chancellor so noted that finding. Although the chancellor announced that the divorce would be granted on the basis of adultery, the final decree stated that the divorce was being granted on the ground of habitual cruel and inhuman treatment.
In Robinson v. Irwin, 546 So.2d 683 (Miss. 1989), this Court addressed a very similar but distinguishable set of circumstances. As with Jacklyn's claim, Robin Robinson asserted that she had established a case for divorce on the ground of adultery, but the court improperly granted the divorce on the ground of habitual cruel and inhuman treatment. This Court found no reversible error in the granting of the divorce on the ground of habitual cruel and inhuman treatment rather than adultery because there was enough evidence presented at trial on both ground that the lower court could just as easily have found adultery, as it did habitual cruel and inhuman treatment. Thus, the error, if any, was cured by the granting of the divorce.
In contrast, Jacklyn presented no evidence in support of a grant of divorce *545 based on habitual cruel and inhuman treatment. Cruel and inhuman treatment such as to warrant the grant of a divorce is conduct endangering life, limb, or health, or creating reasonable apprehension of danger, or unnatural and infamous conduct making the marital relation revolting. Price v. Price, 181 Miss. 539, 547, 179 So. 855, 857 (1938); Russell v. Russell, 157 Miss. 425, 430-31, 128 So. 270, 272 (1930). Additionally, habitually cruel and inhuman treatment as a ground for divorce consists generally of a course of conduct rather than a single act. Ellzey v. Ellzey, 253 So.2d 249, 250 (Miss. 1971).
In the instant case, the only testimony leading to cruel and inhuman treatment elicited on cross-examination consisted of allegations that Robert struck Jacklyn on one occasion ten years before. This alone does not constitute habitual cruel and inhuman treatment as it was too remote in time and did not lead to the separation.
Because grounds for divorce are purely creatures of statute, the requisites of those grounds must be supported by facts and evidence presented at trial. Miss. Code Ann. § 93-5-1 (1972). The chancellor was correct in granting the divorce to Jacklyn, but on the record made at the trial court level, it should have been granted on the ground of adultery. Therefore, we reverse and render as to the ground upon which this divorce was granted and remand for entry of a corrected judgment consistent with this opinion. As to the remaining issues on direct and cross-appeal, we affirm.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART AND REMANDED;
AFFIRMED ON CROSS-APPEAL.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in results only.