636 So.2d 381 (1994)
Robert HYER, Jr.
v.
Bobie Jo HYER.
No. 92-CA-01118.
Supreme Court of Mississippi.
March 17, 1994.
Rehearing Denied May 26, 1994.
*382 William M. Bost, Jr., Ellis & Bost, Vicksburg, for appellant.
John H. Ott, McComb, for appellee.
Before HAWKINS, C.J., and McRAE and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:
This appeal arises from the Chancery Court of Amite County, Mississippi, where Robert Hyer, Jr. and Bobie Jo Hyer were both granted a divorce on the ground of habitual cruel and inhuman treatment. Finding that the chancellor erred in granting a divorce on this ground to both parties, we reverse and render as to the divorce granted to Bobie Jo Hyer. We find no error on the part of the trial court with respect to his decisions concerning alimony and the division of property. However, we reverse on one assignment of error: granting to both parties a divorce on the ground of habitual cruel and inhuman treatment. We affirm the remaining assignments of error and only take issue with the chancellor's grant of a divorce for fault to both parties.

I.
Robert and Bobie were married March 24, 1988. No children were born of the union. After a very tenuous marriage and several earlier separations, the parties separated for the last time on October 18, 1991. Bobie filed for a divorce alleging habitual cruel and inhuman treatment, adultery or in the alternative irreconcilable differences. Robert answered, filing a cross-complaint alleging habitual cruel and inhuman treatment.
The testimony centered around specific arguments between the parties which usually resulted in Bobie leaving the marital home for a period of time, once for as long as four to six months. Bobie alleged only one act of physical violence on the part of Robert and offered into evidence pictures of her with bruises. Robert contended that if she sustained any injury it resulted when Bobie jumped on his back and he tried to get her off. A portion of this incident was to have taken place outside of their house in view of the neighbors. Mrs. Van Dusen, the parties' next-door-neighbor, testified that she did not see any violence by Robert, but had her husband call the police because Bobie was "arguing, yelling and causing a scene."
At the time of trial, Bobie, twenty-eight, had been taking college courses and was about to begin a two-year nursing program. She had quit her job, saying it interfered with her studying.
The chancellor granted both parties a divorce on the ground of habitual cruel and inhuman treatment. Bobie was awarded alimony in the sum of $250.00 per month for 24 months as long as she remained a full-time *383 student and unmarried. After being given the opportunity to divide personal property themselves, the chancellor divided the parties' disputed personal property. Robert, feeling aggrieved, appeals to this Court asserting as error the following:
1. The lower court erred in granting the appellee a divorce because there was not evidence sufficient to grant wife a divorce based on the grounds of habitual cruel and inhuman treatment;
2. Alternatively, the lower court erred in granting both parties a divorce on the ground of habitual cruel and inhuman treatment;
3. The lower court erred in awarding alimony to the appellee;
4. The lower court erred in awarding appellee certain property belonging to appellant; and
5. The lower court erred in its award of personalty based on facts not in evidence and by not making its award at the conclusion of trial.

II.
A chancellor's decree of divorce will not be reversed by this Court unless it is manifestly wrong as to law or fact. Bland v. Bland, 620 So.2d 543, 544 (Miss. 1993); Dillon v. Dillon, 498 So.2d 328, 329 (Miss. 1986); Chaffin v. Chaffin, 437 So.2d 384, 385 (Miss. 1983); Dubois v. Dubois, 275 So.2d 100, 101 (Miss. 1973).
The chancellor granted both parties a divorce on the ground of habitual cruel and inhuman treatment. This issue has been discussed by this Court on only a couple of occasions. In Hinton v. Hinton, 254 Miss. 50, 179 So.2d 846 (1965), the chancellor awarded a divorce to both the husband and wife on the ground of habitual cruel and inhuman treatment and this Court reversed, stating:
We have carefully studied the testimony and conclude that the chancellor could have resolved this question in favor of either party, or he could have denied both a divorce.
We are of the opinion that this Court should not affirm a decree granting a divorce to both parties on the ground that both are guilty of habitual cruel and inhuman treatment. In order for habitual cruel and inhuman treatment to warrant a divorce, it must be the proximate cause of the separation. Bunkley and Morse's Amis, Divorce and Separation in Mississippi § 3.14(17), page 131 (1957). The two parties cannot be both guilty and innocent of habitual cruel and inhuman treatment. The divorce laws of this State do not provide that the habitual cruel and inhuman treatment of both parties can be concurring proximate causes of the separation, entitling both to a divorce. The decree in this case is self-contradictory, and should be reversed.
Hinton, 254 Miss. at 54-55, 179 So.2d at 847-848.
In Rives v. Rives, 416 So.2d 653, 656-57 (Miss. 1982), the Court again discussed this issue. In Rives, the chancellor granted the husband a divorce on the ground of habitual cruel and inhuman treatment and dismissed the wife's claim for separate maintenance on the same ground. The wife appealed, citing Hinton, and arguing the husband had stipulated she had grounds for separate support and maintenance and "if both parties cannot be guilty and innocent of habitual cruel and inhuman treatment, then the court was manifestly wrong in granting the divorce" to the husband. This Court stated:
Since the divorce laws of this State do not provide that habitual cruel and inhuman treatment of both parties can be concurring proximate causes of the separation entitling both to a divorce, the Court, in Hinton, supra, was of the opinion that the decree was self-contradictory and should be reversed ...
The Court in Hinton made it clear that where both parties are guilty of habitual cruel and inhuman treatment, it is incumbent upon the chancellor, if a divorce is to be awarded, to determine which party's cruel and inhuman treatment is the proximate cause of the divorce.
Rives, 416 So.2d at 657.
The Court in Rives recognized the rule set out in Hinton and found that the chancellor *384 did what was required. In a situation where both parties were guilty of habitual cruel and inhuman treatment, the chancellor found the wife more at fault and granted the husband a divorce and dismissed the wife's cross-bill for separate support and maintenance.
In Hinton, we said that when both parties are guilty of habitual cruel and inhuman treatment, if a divorce is to be granted, then it is incumbent upon the chancellor to determine which party's conduct was the proximate cause of separation. Since Hinton the Court has limited the proximate cause of separation requirement for divorce on this ground. In Bias v. Bias, 493 So.2d 342, 345 (Miss. 1986), we held that a divorce on the ground of habitual cruel and inhuman treatment may be obtained based on conduct arising after separation. In Faries v. Faries, 607 So.2d 1204, 1209 (Miss. 1992), we reversed a chancellor who denied a divorce "solely on the basis of an absence of evidence suggesting that cruelty proximately caused the separation."
Although the proximate cause of separation requirement has been limited, the two parties to a divorce can not be both guilty and innocent of habitual cruel and inhuman treatment. In a situation where both parties are at fault, if a divorce is to be granted, the chancellor must determine which party's conduct was the proximate cause of the deterioration of the marital relationship and the divorce itself. See S. Hand, Mississippi Divorce, Alimony and Child Custody § 4-12 (3rd ed. 1992 and Supp. 1993).
Bobie argues that by awarding her alimony it was explicit that the chancellor believed Robert was more at fault than was she. This argument fails. Nowhere in the record or in his order granting both parties a divorce did the chancellor find Robert more at fault. Instead, he found that separately both parties had grounds for divorce. The granting of alimony in no way leads to the contention that the trial judge believed Bobie was less at fault and thus entitled to compensation. On numerous occasions, this Court has upheld an alimony award to a wife even though the husband was granted a divorce on the ground of habitual cruel and inhuman treatment. See Wires v. Wires, 297 So.2d 900 (Miss. 1974); Rainey v. Rainey, 205 So.2d 514 (Miss. 1967); Gatlin v. Gatlin, 248 Miss. 868, 161 So.2d 782 (1964); Shows v. Shows, 241 Miss. 716, 133 So.2d 294 (1961); Hibner v. Hibner, 217 Miss. 611, 64 So.2d 756 (1953).
In the case at bar the chancellor erred in granting to both parties a divorce on the ground of habitual cruel and inhuman treatment. It is apparent from the record that the trial judge believed this marriage should be dissolved. A determination should have been made as to which party was more at fault and a divorce should have been granted to the other party.
After a thorough review of the record, we believe Robert to be less at fault. Looking at the testimony of those other than the parties it seems Bobie was the main instigator of the arguments. Bobie's only corroborating witness was her mother, who admitted that Bobie was partially to blame for the problems in the marriage. Ms. Hall, the marriage counselor, testified that Robert seemed to want to save the marriage and Bobie did not. She also stated that Robert told her any physical force he used against Bobie was in self-defense. Mrs. Van Dusen, the parties' neighbor, testified that it was Bobie who started arguments for no apparent reason. Mrs. Wheeler, a friend of the parties, stated that Bobie told her that she was not happy with the marriage and had taken things belonging to Robert which she intended to sell. Mrs. Hyer, Robert's mother, testified that Bobie was never happy with the marriage, had made threats concerning Robert and often left the house and stayed at her mother's.
For these reasons we reverse and render as to the portion of the judgment granting Bobie a divorce on the ground of habitual cruel and inhuman treatment. As to the remaining issues on appeal, we affirm and remand for entry of a corrected judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
*385 HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.