RUSSELL, J.,
for the Court:
¶ 1. Lane and Cristal Kimbrough both appeal the Smith County Chancery Court’s final decree of divorce on the ground of desertion. Neither party asserted the other deserted the marriage, and the record contains no proof to support the grant of a divorce on that ground. Upon review, we reverse the final decree of divorce and remand for a new trial.
FACTS
¶ 2. Cristal filed for divorce on the grounds of Lane’s alleged habitual cruel and inhuman treatment and habitual drunkenness. Lane counterclaimed, alleging habitual cruel and inhuman treatment and adultery by Cristal.
¶ 3. After a hearing on the divorce only, the chancery court dismissed all the previous grounds. He then granted both parties a divorce based on their mutual desertion of each other. The chancery court’s judgment noted that both parties recognized the marriage was irretrievably broken because both parties had requested a divorce. Therefore, the parties were “granted a divorce one from the other on the grounds of desertion.” Further, the amended judgment stated:
*1188 [T]he marital relationship of the parties had gradually eroded and that[,] in fact, for a period in excess of two years that the marital relationship was absent. That Mr. Kimbrough had gone through a period of unemployment that had left him depressed and together with the effects the same had on M[r]s. Kim-brough and her reaction to these problems resulted in both parties[,] even though under the same roof[,] abandoning the marital relationship.
¶ 4. Lane appealed. He asserts the chancery court erred by (1) granting a mutual divorce on the grounds of both parties’ desertion, and (2) failing to grant him a divorce on the ground of Cristal’s admitted adultery.
¶ 5. Cristal cross-appealed. She asserts the chancery court erred by: (1) granting a divorce on the grounds of both parties’ desertion, (2) failing to grant her a divorce on the ground of habitual cruel and inhuman treatment, and (3) failing to grant her a divorce on the ground of habitual drunkenness.
DISCUSSION
¶ 6. “In domestic relations cases, [our] scope of review is limited by the substantial evidence/manifest error rule.” Samples v. Davis, 904 So.2d 1061, 1068-64 (¶ 9) (Miss.2004). Because we defer to the chancery court in such cases, we “reverse a chancellor’s finding only when it is manifestly wrong, clearly erroneous[,] or the chancellor applied an erroneous legal standard.” Id. at 1064 (¶ 9).
¶ 7. Lane and Cristal challenge the chancellor’s grant of a divorce on the ground of desertion. While not so worded, both parties assert two reasons why this Court should not modify the judgment to affirm based on the fault of only one party: (1) neither party plead the ground of desertion, and (2) the evidence did not support the grant of a divorce on the ground of desertion.
¶ 8. The Mississippi Supreme Court has held that a chancery court may not grant a divorce based on each party’s fault-based grounds. Hyer v. Hyer, 636 So.2d 381, 383-84 (Miss.1994). This Court has stated: “There can be but one divorce granted. Where each party has requested a divorce and offers proof sufficient to establish a basis for divorce, the chancellor must then determine which of the parties will be granted a divorce.” Garriga v. Garriga, 770 So.2d 978, 983 (¶23) (Miss.Ct.App.2000).
¶ 9. The chancellor’s grant of the divorce to both parties on the equal fault ground of desertion was clear error. No more need be said on that point. The more difficult question is whether either party is entitled to a divorce on the ground of desertion. After reviewing the record, we decline to modify the judgment for the reasons stated by the parties. Therefore, we reverse and vacate the chancery court’s final divorce decree. Finally, since we reversed the final decree, we decline to address the parties’ remaining assignments of error.
¶10. THE JUDGMENT OF THE SMITH COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT/CROSS-APPEL-LEE AND ONE-HALF TO THE AP-PELLEE/CROSS-APPELLANT.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. GRIFFIS, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY ISHEE, J. BARNES AND *1189 CARLTON, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.