GRIFFIS, P.J.,
Specially Concurring:
¶ 11. My analysis of this case is different than the majority’s and requires that I •write a specially concurring opinion.
¶ 12. This is an appeal under Mississippi Rule of Civil Procedure 54(b). I would reverse and remand this case because it is clearly an improper appeal under the rule.
¶ 13. This is not the type of case that should be certified for appeal under Rule 54(b). The comment provides, “Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions.” M.R.C.P. 54(b) cmt. This is not one of such “select group of cases.” Id. In Walters v. Walters, 956 So.2d 1050, 1054 (¶ 13) (Miss.Ct.App.2007), this Court held:
In closing, we note the supreme court’s admonition that the trial court’s authority to enter a Rule 54(b) judgment should be exercised with caution in the interest of sound judicial administration to preserve the judicial policy against piecemeal appeals. Cox v. Howard, Weil, LaBouisse, Friedrichs, Inc., 512 So.2d [897], 900 [ (Miss.1987) ]. “It is incumbent on trial judges and attorneys to recognize that Rule 54(b) judgments must be reserved for rare and special occasions.” Id. If there is nothing about a case that merits a Rule 54(b) judgment, this Court will dismiss the appeal despite a trial court’s mechanical use of the “no just reason for delay” language. Id. at 900-01.
This case does not merit a Rule 54(b) certification.
¶ 14. This is a typical contested divorce. Cristal filed her complaint first and asked for a divorce on the grounds of habitual drunkenness and habitual cruel and inhuman treatment. Lane answered and asserted a counterclaim for divorce on the grounds of habitual cruel and inhuman treatment and adultery. A hearing was held on whether a divorce should be granted. The chancellor rejected the parties’ claims for a divorce and entered a judgment of divorce finding that grounds of desertion existed as to both parties, even though neither party had pleaded desertion as a ground for divorce. Both parties filed a motion to reconsider and amend the judgment. The chancellor then entered an amended judgment that included the Rule 54(b) certification.
¶ 15. The problem here is that the chancellor did not share with us his reasons for what he did. This Court’s consideration of this case as a Rule 54(b) appeal sets, in my opinion, a dangerous precedent. As an appellate court, we should expect the chancellor to fully and finally adjudicate the issues involved in this typical domestic case. The chancellor should decide whether there is grounds for divorce and divide the parties’ property, consider alimony, child custody, child support, visitation, insurance, etc. This Court should not consider cases such as this piecemeal simply because the chancellor had the difficult task of deciding which party should be granted the divorce.
¶ 16. If we are to consider this case as a proper appeal, I would reverse the chancellor’s decision to grant a mutual divorce, render a divorce to Cristal, and remand this case for the chancellor to decide the remaining issues.
¶ 17. In Hyer v. Hyer, 636 So.2d 381, 382 (Miss.1994), the chancellor granted both parties a divorce on the ground of habitual cruel and inhuman treatment. The supreme court determined that it could not affirm a divorce judgment that *1190 granted both parties a divorce on the ground of habitual cruel and inhuman treatment. Id. at 383. The court reasoned:
The two parties cannot be both guilty and innocent of habitual cruel and inhuman treatment. The divorce laws of this State do not provide that the habitual cruel and inhuman treatment of both parties can be concurring proximate causes of the separation, entitling both to a divorce. The decree in this case is self-contradictory, and should be reversed.
Id. (citing Hinton v. Hinton, 254 Miss. 50, 54-55, 179 So.2d 846, 847-48 (1965)). The court reversed the chancellor but resolved the contradiction. The court held that “[a]fter a thorough review of the record, we believe [the husband] to be less at fault.” Hyer, 636 So.2d at 384. The court rendered a divorce in favor of the husband. Id.
¶ 18. In Garriga v. Garriga, 770 So.2d 978, 983-84 (¶¶ 23-24) (Miss.Ct.App.2000), this Court made a similar finding:
There can be but one divorce granted. Where each party has requested a divorce and offers proof sufficient to establish a basis for divorce, the chancellor must then determine which of the parties will be granted a divorce. [Hyer, 636 So.2d at 384], In the present case, Mrs. Garriga was the first to file her divorce. She alleged as a basis for divorce conduct which occurred while the parties lived together. This conduct ultimately caused the parties’s [sic] final separation.
Because Mrs. Garriga was the complainant, predicating her request for divorce on grounds which occurred while the parties lived together, it was not inappropriate, nor an abuse of discretion, for the chancellor to grant her petition, while denying that of Mr. Garriga. “In a situation where both parties are at fault, if a divorce is to be granted, the chancellor must determine which party’s conduct was the proximate cause of the deterioration of the marital relationship and the divorce itself.” Id.
¶ 19. As in Hyer and Garriga, I would reverse the chancellor’s decision to grant a mutual divorce for the same grounds as the majority. I would also conclude, after my review of the record, that Cristal should be granted a divorce[1] on the ground of habitual drunkenness, since the evidence indicates that Lane’s habitual drunkenness was the proximate cause of the divorce. Therefore, I would render a divorce to Cristal. I would then remand the remaining issues to the chancellor for a decision.[2]
¶ 20. I would also admonish chancellors that domestic cases are rarely proper for Mississippi Rule of Civil Procedure 54(b) certification.
ISHEE, J., JOINS THIS OPINION IN PART.

. However, I do recognize that based on the record, the evidence also would have supported the chancellor’s judgment if he had granted Lane a divorce on the ground of adultery.

. As stated earlier, the chancellor must still divide the parties' property, consider alimony, child custody, child support, visitation, insurance, and etc.