343 So.2d 1217 (1977)
Michael MACALUSA
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY.
No. 8392.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1977.
*1218 Garland R. Rolling, Metairie, for plaintiff-appellant.
Paul P. Rutledge, Metairie, for defendant-appellee.
Before REDMANN, STOULIG and BOUTALL, JJ.
REDMANN, Judge.
Plaintiff appeals from a summary judgment dismissing his claim for medical benefits under his automobile insurance policy.
Plaintiff was injured while using his automobile to start an airboat motor on a stand (as one starts another automobile, with battery cables). When the airboat motor started it pushed itself towards plaintiff and the car. He attempted to save himself from the propeller by ("to the best of my recollection") putting his left arm up to brace the motor and his right arm on the car. But the propeller caught his right arm and "chopped up the hood" of the car.
The insurance policy provides coverage for "injury . . . caused by accident. . . (a) while occupying the owned automobile . . . or (c) through being struck by an automobile . . .." The policy defines "occupying" to exclude its dictionary meaning of "using": "Occupying means in or upon or entering into or alighting from." Plaintiff argues that he was "occupying" by being "upon" his car, or was "struck by" his car.
Plaintiff was not struck by his car, any more than an out-of-control car is struck by a telephone post; rather, he struck his car. And he was not injured by being struck by (or by striking) the car. He was injured by being struck by the airboat propeller.
*1219 Plaintiff was, however, injured while "occupying," i.e., being "upon" the car, when he placed his arm upon the car in his unsuccessful effort to brace the airboat motor to prevent its falling over upon himself (if a trier of fact believes him).
Defendant argues that prior decisions have "extended" medical coverage only to situations closely related to normal car use, such as tire-changing.
We reason that coverage is not limited by the policy to typical automotive accidents. For example, one sitting atop his insured car watching a Mardi Gras parade is, within the express definition of the policy, "occupying" the car because "upon" it. He is therefore covered for accidental injury by a thrown trinket from the parade (or by a drunken reveler's thrown bottle, or by a low-flying airplane). If the underwriter desires not to afford coverage for every accidental injury whatsoever while "upon" the car the policy should not promise coverage in those terms. If we "extend" coverage, we do so only by deciding that one leaning with one arm against the car is "upon" it, and not by holding that an unusual accidental injury is an "injury. . . caused by accident". And our view is that one who leans upon a car (for whatever purpose) is upon the car; we decline to rule, for example, that one's center of gravity must be above and supported by the car for him to be upon it.
Reversed.