STOKER, Judge.
The plaintiff-appellant in this case was injured in a boating accident. He was riding on an inner tube being pulled by a boat insured by the defendant-appellee. The question in this case is whether or not plaintiff-appellant’s hospital and medical bills are covered under the medical payments provisions of the defendant’s policy.
Plaintiff DeJean was riding on an inner tube being pulled by the insured boat by means of a rope approximately 75 feet in length. When the operator of the boat made a turning maneuver, plaintiff was thrown off of the inner tube and sustained his injuries.
The owner of the boat was not sued, and the sole defendant is the insurer. Plaintiff-appellant sued under both the medical payments provisions and the liability provisions of the policy. Liberty Mutual Casualty Company filed a motion for summary judgment as to both claims. The trial court denied the motion as to the liability portion of the policy but granted the motion as to the medical payments provision.
In response to a request for written findings of facts and reasons for judgment, the trial court set forth the following brief ruling:
“There are no findings of fact to be written. The matter dealt with policy interpretation involving undisputed facts, that is, facts stipulated to or conceded.
“The judgment was based on policy language which provided that the medical expense coverage be limited to persons ‘In, on, or upon the boat.’ Plaintiff cited cases dealing with similar language pertaining to vehicles. None of those cases went as far as this case would require. In all of those cases, there was actual physical contact between the party claiming and the vehicle. In this case the claimant was being towed for water skiing. It is obvious that the cited jurisprudence is not applicable. The quoted language must have some reasonable limits. “Accordingly, it is concluded that there is no coverage.”
Counsel for both parties have indicated that they have been unable to find any cases directly on point. Both cite cases dealing with automobile policies and with construction of language in those policies similar to that in the policy covering the boat in this suit.
The insuring agreement in Part C of the boat owner’s policy before us, with reference to the medical payment, provides:
“We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of a watercraft accident causing bodily injury to a covered person.”
In the definitions portion of the policy a “covered person” is defined as “[a] you and any family member while occupying any watercraft; [b] any person while occupying your covered watercraft.”
*1202 The term “occupying” is defined as “in, upon, or getting in, on, out or off.”
Plaintiff does not contend that he was “in” or “getting in, on, out, or off” the boat when injured, but he argues that he was “upon” the boat at that time under a liberal construction of the term “upon”. He cites the cases of Macalusa v. Hartford Accident and Indemnity Corporation, 343 So.2d 1217 (La.App. 4th Cir. 1977) and Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App. 2nd Cir. 1965) as examples of broad interpretations of the term “upon” as used in the medical coverage sections of standard automobile insurance policies.
In Macalusa, the plaintiff was injured while leaning with one arm against the insured car. In Hendricks the plaintiff was leaning over the tailgate of the insured truck when injured. In both cases, the courts found that the plaintiffs were “upon” the insured vehicles when injured and were therefore covered for medical damages under their policies. The plaintiffs in both cases were in close physical proximity with the insured vehicles when injured. In the case before us, however, the plaintiff was far removed from the insured vehicle when he was injured, being approximately 75 feet behind the boat when the accident occurred. It cannot be said, even given the liberal standards of the cited cases, that plaintiff was physically upon the boat when he was injured.
Furthermore, our review of the interpretation of the word “upon” in the context of medical coverage in automobile policies in other jurisdictions leads us to the same conclusion. Most jurisdictions allow recovery only if there was some physical contact between the injured party and the insured vehicle immediately prior to or during the accident causing the injury.[1] Some jurisdictions allow recovery of medical benefits if the insured vehicle suddenly rolls into the injured party or is propelled by some other force so that it strikes the party injured.[2] The physical contact between the plaintiff and the car is sufficient in those jurisdictions to find that the plaintiff was “upon” the insured vehicle when injured. In the instant case, however, there was no physical contact between the boat and the plaintiff nor was the injury caused by the boat striking the plaintiff.
We are of the opinion that plaintiff-appellant, while being towed on an inner tube at the end of a rope some 75 feet in length, did not have sufficient physical contact with the insured boat to find that he was upon the boat for medical coverage under the boat-owner’s insurance policy.
For the foregoing reasons the judgment of the trial court sustaining the motion for summary judgment as to the medical payments covered is sustained. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.

. See Wolf v. American Casualty Co. of Reading, Pa., 2 Ill.App.2d 124, 118 N.E.2d 777 (1954); Sherman v. New York Casualty Co., 78 R.I. 393, 82 A.2d 839 (1951); and Christoffer v. Hartford Accident & Indemnity Co., 123 Cal.App.2d Supp. 979, 267 P.2d 887 (1954).

. See Nickerson v. Citizens Mutual Insurance Co., 393 Mich. 324, 224 N.W.2d 896 (1975); and Motor Vehicle Accident Indemnification Corp. v. Oppedisano, 41 Misc.2d 1029, 246 N.Y. S.2d 879 (1964).