490 So.2d 656 (1986)
Loyd William HASTINGS, Plaintiff-Appellant,
v.
INTERNATIONAL SERVICE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 17886-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
Writ Denied September 26, 1986.
*657 Roland McKneely, Jr., Bossier City, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons by G.M. Bodenheimer, Shreveport, for defendants-appellees Horace Smith and Marie Smith.
Lunn, Irion, Johnson, Salley & Carlisle by Marshall R. Pearce, Shreveport, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before HALL, JASPER E. JONES and LINDSAY, JJ.
JASPER E. JONES, Judge.
The plaintiff in this personal injury action is Loyd William Hastings. The defendant is State Farm Mutual Automobile Insurance Company. Plaintiff appeals a summary judgment rejecting his demands. Defendant neither appealed nor answered the appeal.
The sole issue on appeal is whether the trial court erred in finding plaintiff was not "occupying" the vehicle insured by defendant although plaintiff was in physical contact with the vehicle filling it with gasoline with the consent of the owner.
Background Facts
Plaintiff operates a small service station in Blanchard, Louisiana, known as Loyd's Shell.
On October 26, 1984, plaintiff was pumping gasoline into a 1984 Oldsmobile owned by Pamela Y. Robinson. The gas cap and filler pipe of the Olds are located behind the license plate at the center rear of the vehicle. While plaintiff was filling the Olds with gas, Horace Smith drove his wife's Ford to the gas pumps and stopped a few feet behind the Olds. As plaintiff was "topping off" the fuel in the Olds and while he had his right hand on the pump nozzel, his left hand on the trunk of the Olds and while holding down the license plate with his left knee, the Smith vehicle suddenly rolled forward pinning plaintiff's right leg between the bumpers of the two vehicles. Plaintiff's injuries required hospitalization and surgery.
Plaintiff sued Horace and Marie C. Smith, their insurer, International Service Insurance Company and State Farm Mutual Automobile Insurance Company, the insurer of the Olds owned by Pamela Y. Robinson. The International Service Ins. Co. policy covering the Smith vehicle had liability limits of $10,000.00. Plaintiff accepted the policy limits from International and dismissed his suit against it. He reserved his rights against all other defendants.
Plaintiff alleged in his petition he was entitled to recover under the uninsured motorist provisions of the policy issued by State Farm, because he was by policy definition an "occupant" of the Robinson vehicle at the time of the accident and as such was an insured. Defendant filed a motion for summary judgment alleging that plaintiff was not occupying the Robinson vehicle under the terms of the policy.
The trial judge granted defendant's motion for summary judgment and rejected the demands of plaintiff.
Plaintiff contends the trial court erred in finding he was not occupying the Olds although he was in physical contact with it with the owner's consent when the accident occurred. He points out "occupying" is defined in defendant's policy as "in, on, entering or alighting from the insured vehicle."[1] Plaintiff avers that actual physical *658 contact with the insured vehicle is construed as being "on" it within contemplation of the policy and is within the definition of occupying it for the purpose of coverage. Because plaintiff was touching the Olds with his left hand and knee, he argues he was occupying it and entitled to coverage. Plaintiff contends he is entitled to recover under the uninsured motorist provisions of defendant's policy because the Smith vehicle is an underinsured vehicle.
Defendant contends plaintiff was not occupying the Robinson vehicle and for this reason was not an insured under its policy. Defendant cites several cases interpreting the term occupancy under similar policy provisions and points out that in each case where coverage was found, the vehicle was either owned by the plaintiff or the plaintiff had occupied or planned to occupy the vehicle. Defendant argues that, in the instant case, plaintiff had no connection with the Robinson vehicle other than filling it up with gas. None of the cases cited by the defendant hold that one touching the insured vehicle is not occupying it nor otherwise announce the rule that to be occupying the vehicle within the policy definition that the individual must either have ridden in the vehicle or be preparing to do so.

APPLICABLE LAW
Actual physical contact with an insured vehicle has been construed as being on it and within the definition of occupying it for the purpose of coverage under similar policy provisions. Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971); Bloodworth v. Carroll, 455 So.2d 1197 (La.App. 2d Cir. 1984), rev. on other grounds, 463 So.2d 1313 (La.1985); Macalusa v. Hartford Ace. & Indem. Co., 343 So.2d 1217 (La.App. 4th Cir.1977).
Summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Marzula v. White, 431 So.2d 858 (La.App. 2d Cir.1983).
The documents supporting the motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
In the instant case, plaintiff's petition, deposition and affidavit, viewed in the light most favorable to him, leave no doubt plaintiff was in actual physical contact with the Robinson vehicle when the accident occurred. Plaintiff's petition alleges that his left hand was on the Robinson vehicle at the time of the accident. His affidavit and deposition state he was touching the Robinson vehicle with his left hand and left knee when the Smith vehicle rolled forward and crushed his leg. These documents show that plaintiff was occupying the Robinson vehicle when the accident occurred and the granting of defendant's motion for summary judgment was erroneous as a matter of law. Smith v. Girley, supra.
Defendant, however, contends that uninsured motorist coverage should not be extended to persons who do not intend to use or ride in the insured vehicle. We disagree.
The purpose of LSA-R.S. 22:1406(D),[2] the uninsured motorist statute, is "to protect *659 those willing to accept its protection from all harm whatever their statuspassenger, driver, pedestrianat the time of injury, produced by uninsured motorists. The only restrictions are that the plaintiff must be an insured, the defendant motorist uninsured and that plaintiff be legally entitled to recover." Elledge v. Warren, 263 So.2d 912 (La.App. 3d Cir.1972), writ den., 262 La. 1096, 266 So.2d 223 (1972). Uninsured motorist coverage protects an insured without regard to whether the insured is in, or intends to enter, the insured vehicle. See Earl v. Commercial Union Insurance Co., 391 So.2d 934 (La.App. 2d Cir.1980) and Hayden v. Torrence, 355 So.2d 1362 (La.App. 1st Cir.1978), writ den., 357 So.2d 1169 (La.1978).
In the instant case, plaintiff is an insured under the uninsured provisions of defendant's policy because, as we have determined, he was occupying the insured vehicle when the accident occurred. The policy limits of the Smith vehicle are less than plaintiff's damages, therefore, the Smith vehicle is an underinsured vehicle and plaintiff is entitled to recover the excess under defendant's policy uninsured provisions. White v. Patterson, 409 So.2d 290 (La.App. 1st Cir.1981); writ den., 412 So.2d 1110 (La.1982); Whitten v. Empire Fire & Marine Ins. Co., 353 So.2d 1071 (La.App. 2d Cir.1977).
Defendant's argument that plaintiff is not entitled to coverage because he did not ride or contemplate riding in the insured vehicle is an attempt to create an exclusion in the policy. Exclusionary clauses must be interpreted strictly in the insured's favor and implication will not suffice. Borden Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983).
The trial judge was, therefore, in error in granting defendant's motion for summary judgment.
The summary judgment is reversed and the case is remanded for further proceedings in accordance with law.
All cost on appeal are assessed against State Farm Mutual Automobile Insurance Company.
NOTES
[1] The pertinent portion of the uninsured motorist provisions of the State Farm policy provides:

"We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle."
An insured is defined as follows:
"... any other person while occupying:
a) your car ... Such vehicle has to be used within the scope of the consent of you or your spouse ...
"occupying" is defined as in, on entering or alighting from."
[2] LSA-R.S. 22:1406 provides in pertinent part:

"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.
. . . . .
(2)(b) For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication."