563 So.2d 1316 (1990)
James Ivy WHITE, Plaintiff-Appellee,
v.
Albert WILLIAMS, et al., Defendants-Appellants.
No. 89-160.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
Herman Savoie, Jr., Edward Larvadain, Alexandria, for plaintiff-appellee.
Stafford, Stewart & Potter, Bradley Gadel, Alexandria, for defendants-appellants.
Before DOMENGEAUX, C.J., and GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
Defendant, Colonial Insurance Company of California, appeals the trial court's *1317 granting of plaintiff's, James White's, motion for judgment notwithstanding the verdict finding plaintiff "an insured" under the uninsured motorist provisions of Colonial's policy.
The issue presented on appeal is whether, as a matter of law, plaintiff was "using" or "occupying" the insured vehicle when he was struck while walking from a convenience store to the insured vehicle after paying for gas he had just pumped into the insured vehicle.
The trial court succinctly set forth the facts of the case as follows:
"In this case the facts relating to plaintiff's relationship with the insured vehicle are not in dispute. The facts reveal that plaintiff was a passenger in the vehicle immediately prior to his accident. Noting that the gas gauge registered empty the driver of the vehicle [plaintiff's wife] pulled into a self-service gas station and parked in the outside lane adjacent to a pump island. Plaintiff got out of the car for the sole purpose of putting in and paying for some gasoline. To pay for the gas it was necessary for plaintiff to traverse a traffic lane lying between the pump island and the cashier. He did this, paid for the gasoline and was returning to the insured vehicle to resume his position in the front passenger seat when he was struck by an uninsured vehicle that was travelling in the lane between the pump island and the cashier."[1]
On the basis of these facts and the language in Colonial's policy, the jury determined that at the time of the accident, plaintiff was not using or occupying the insured vehicle and, therefore, was not an insured. Plaintiff motioned for a JNOV and, in the alternative, a new trial on the issue of coverage. The trial court granted JNOV concluding that the jury erred as a matter of law. The trial court found that the legal consequences of the undisputed facts rendered plaintiff an insured under the Colonial policy and rendered judgment accordingly.
The standard a court employs in deciding whether to grant a JNOV under La. C.C.P. art. 1811 is whether, under the evidence as presented at trial, reasonable minds could not differ on a determination of the fact at issue. Webb v. Goodley, 512 So.2d 527 (La.App. 3rd Cir.1987); Rutledge v. Brookshire Grocery Co., 523 So.2d 914 (La.App. 3rd Cir.), writ denied, 531 So.2d 269 (La. 1988). A JNOV may also be granted to correct a legally erroneous verdict. Barfield v. Jacobs, 527 So.2d 555 (La.App. 3rd Cir.1988); Zeagler v. Dillard Dept. Stores, Inc., 521 So.2d 766 (La.App. 2d Cir.1988). Since there are no disputed issues of fact, the JNOV will be proper only if the verdict is legally erroneous.
In resolving the legal issue of whether plaintiff was an insured under the Colonial policy at the time of accident, the trial court reasoned as follows:
"The plaintiff is covered under the uninsured motorist provisions of the contract if he is an insured under the policy. Insured is described as a person who uses or occupies the vehicle. Had plaintiff been touching the vehicle or actually pumping the gas into the vehicle at the time of his accident there would be no question but that he would be using or occuping [sic] the vehicle and would be an insured under the terms of the policy. Hastings v. International Service Insurance Co., 490 So.2d 656 (La.App. 2nd Cir.1986), writ denied 493 So.2d 1223 (1986).
Nevertheless, beginning with the case of Smith v. Girley, 220 [260] La. 223, 255 So.2d 748 (1971) our Courts have looked to the relationship between the plaintiff and the insured vehicle at the time of the accident in addition to actual *1318 physical contact with the vehicle at the moment of the accident. This was the test used by various Louisiana Courts of Appeal in Breard v. Haynes, 394 So.2d 1282 (La.App. 1st Cir.1981), writ denied 399 So.2d 598 (La.1981), Day v. Coca Cola Bottling Company, Inc., 420 So.2d 518 (La.App. 2nd Cir.1982), Snider v. Kemper Insurance Company, 448 So.2d 1383 (La.App. 2nd Cir 1984), and Martinez v. Great American Insurance Co., 499 So.2d 364 (La.App. 4th Cir.1986). It was reaffirmed by our Supreme Court in Westerfield v. LaFleur, 493 So.2d 600 (La.1986). In that case, our Supreme Court reviewed the decisions of Louisiana courts as well as courts in other states and concluded that a child who was injured while crossing a roadway to enter a school bus was `using or occupying' the school bus under the uninsured motorist provisions of the policy even though she had not come into contact with the bus before the accident. The Court reasoned that it was not physical contact with the vehicle but rather ... `the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting that determines specific coverage'. (pg. 603) In reviewing cases from other states the Court concluded that the test for `occupying' was whether or not the person was engaged in activities related to the use of the insured vehicle; or was performing an act that was physically and directly related to the car. (Westerfield, pg. 604).
Applying those principles to the undisputed facts of this case, the Court is of the opinion that plaintiff had never abandoned his relationship as passenger of the insured vehicle. His physical departure was solely for the purpose of performing an act that was physically and directly related to the car. He never turned aside from this mission and was in fact in the process of resuming his physical contact with the vehicle when injured."
We agree with the trial court's analysis and adopt its well considered reasons as our own.
Appellant argues that Westerfield is inapplicable based on the different policy language present in that case. In Westerfield, "occupying" was defined as "in or upon or entering into or alighting from". The Supreme Court found this language ambiguous and after applying the above mentioned "occupying" test (the relationship between the person and the vehicle, obviously of time and in distance), found that a reasonable interpretation of that language afforded the plaintiff coverage. Subsequently, our brethren of the Fourth Circuit, in Martinez v. Great American Ins. Co., 499 So.2d 364 (La.App. 1986), modified, 503 So.2d 1005 (La.1987), modified, 503 So.2d 1006 (La.1987), found the language "in, upon, getting in, on, out or off" similarly ambiguous and reached a similar conclusion as to coverage. In the case sub judice, "occupying" is defined as "in, on, getting into or out of". We do not find this language significantly different from Westerfield or Martinez. Therefore, the interpretation afforded the policy language in those cases and application of the "occupying" test apply.[2]
Appellant cites Crear v. National Fire & Marine Ins. Co., 469 So.2d 329 (La.App. 2d Cir.), writ denied, 475 So.2d 364 (La.1985) in arguing for the legal correctness of the jury's verdict. In Crear, 84 year old Mr. Crear was taken to the post office by the Madison Council on Aging (MCA) in a van owned by the Delta Community Action Association (DCAA). Mr. Crear was hit by a car when he attempted to traverse the drive-through of the parking lot to enter the post office. After striking Mr. Crear, the car drove away and was never identified. Mr. Crear died following surgery. Mr. Crear's widow and children sued several *1319 parties including the van's insurer. The UM provisions of the policy of insurance defined the terms "using" or "occupying" as "in or upon or entering into or alighting from" the insured vehicle. The court examined the relationship between the injured party and the van in terms of time and distance and the risk the individual was exposed to as expressed in Day (supra). The court found even though it was only several seconds after Crear had last had physical contact with the van, the distance he traveled to the center of the drive-through exceeded the zone of risk he was exposed to in "alighting from" the van and, therefore, coverage was denied. We find Crear distinguishable on its facts. The important distinction between Crear and the facts of the instant case is the guest passenger's relationship with the insured vehicle. In Crear, plaintiff's departure from the vehicle on a purely personal mission was totally unrelated to his use of the vehicle. In this case, plaintiff's departure and return to the vehicle was directly related to his use of the vehicle. We do not find the time and distance factors in this case to be beyond the risk that plaintiff was exposed to in "getting into" the vehicle.
For the foregoing reasons, we conclude that the JNOV was properly granted. Costs are assessed against Colonial Insurance Company of California.
AFFIRMED.
NOTES
[1] At trial, plaintiff and his wife estimated that he was approximately six or seven feet from the insured vehicle when struck by the uninsured motorist. In addition, plaintiff estimated that the entire sequence of events (pumping of gas and payment to cashier) took between six and ten minutes. Plaintiff's wife testified that it took about five minutes.
[2] Westerfield can be distinguished on the protective zone established by positive law when the bus driver activates his flashing lights and stop signs. La.R.S. 32:80(A)(1). However, we do not find this single distinguishing factor sufficient to deny coverage.