771 So.2d 95 (2000)
Stephen Blake AUCOIN, et al.
v.
LAFAYETTE INSURANCE COMPANY.
No. 99-1391.
Court of Appeal of Louisiana, Third Circuit.
February 16, 2000.
Opinion Granting Rehearing May 3, 2000.
Writ Denied October 6, 2000.
Bryan D. Scofield, Broussard, David & Daigle, Lafayette, LA, Counsel for Plaintiff/Appellant.
Richard J. Petre, Jr., Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, Counsel for Defendant.
Grayson H. Brown, Baton Rouge, LA, Counsel for Defendant.
Court composed of Judge SAUNDERS, Judge WOODARD, Judge PICKETT.
PICKETT, Judge.
The plaintiff, Stephen Blake Aucoin, appeals a summary judgment from the trial court dismissing his claim that he was an insured under the UM policy of defendant, Lafayette Insurance Company. For the reasons set out below, we reverse.

FACTS
On July 22, 1997, plaintiff, Stephen Blake Aucoin, was traveling northbound on Interstate 49 in Lafayette, Louisiana. While traveling, plaintiff saw a long-time friend, Allen Guidry, who was also traveling northbound on I-49. Mr. Guidry was driving a pick-up truck owned by his employer and insured by defendant, Lafayette *96 Insurance Company, which provided UM coverage on the Guidry vehicle.
The two drivers pulled onto the paved shoulder of I-49 near the Gloria Switch exit to speak with each other. Plaintiff parked his vehicle in front of the Guidry vehicle. Plaintiff then walked over to the Guidry vehicle and leaned on it while he began speaking with Mr. Guidry.
Several minutes later, plaintiff was struck by a Jeep driven by Ms. Sharon Frederick. As a result of the impact, plaintiff's left leg was amputated above the knee. His pelvis was shattered, and two surgeries were required to repair the damage done to his pelvis. He also underwent both a ureterostomy and a colostomy. He may now be impotent. Plaintiff incurred costs and medical expenses that exceed $200,000.00.
Ms. Frederick's vehicle was covered by a 10/20 liability policy issued by Farm Bureau on the date of the accident. With respect to the damages sustained by plaintiff and his wife, Ms. Frederick was underinsured. Plaintiff filed suit against defendant, claiming that due to his contact with the Guidry vehicle at the time of the accident, he was an insured under the terms of defendant's UM insurance policy. Defendant filed a motion for summary judgment, which was granted by the trial court. The trial court determined that plaintiff was not an insured under defendant's policy because he was not occupying the vehicle at the time of the accident.

OPINION
The issue on appeal is whether plaintiff, Mr. Aucoin, was an "insured" under Allen Guidry's UM insurance policy and therefore entitled to recover damages. Mr. Guidry's UM policy, issued by defendant, Lafayette Insurance Company, states:
We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident."
The policy defines "insured" in pertinent part as:
Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto...."
The word "occupying" is defined under the policy as "in, upon, getting in, on, out or off."
Mr. Aucoin asserts that at the time of the accident, he was leaning on the Guidry vehicle. Since Mr. Aucoin's leaning was tantamount to being "upon" the truck, he was "occupying" the truck at the time of the accident. Thus, Mr. Aucoin was an insured under defendant's policy and is entitled to recover for the damages he sustained. We agree. For the following reasons, the district court's summary judgment for the defendant is reversed.
Appellate courts review summary judgment de novo under the same criteria which govern the trial court's consideration of whether summary judgment is appropriate. Benoit v. Roche, 94-715 (La.App. 3 Cir. 6/14/95); 657 So.2d 574. A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600 (La. 1986).
An insurance policy is a contract between the parties and should be construed using general rules of interpretation of contracts provided in the Louisiana Civil Code. Lewis v. Hamilton, 94-2204 *97 (La.4/10/95); 652 So.2d 1327. The interpretation of a contract is the determination of the common intent of the parties. The words of a contract must be given their generally prevailing meaning and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La.Civ. Code arts. 2045-2047; see Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96); 665 So.2d 1166, judgment amended, 95-0809 (La.4/18/96); 671 So.2d 915. If ambiguity remains after applying general rules of construction, ambiguous provisions are to be construed against the insurer who issued the policy and in favor of the insured. Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94); 632 So.2d 736.
Defendant's UM policy defines "occupying" as "in, upon, getting in, on, out or off." The term "upon" is not defined. The words of a law must be given their generally prevailing meaning. La.Civ. Code art. 11. The American Heritage Dictionary defines "upon" as "on", which is defined, in part, as "contact with any surface, regardless of position", and "in or into a position of being attached to or covering something." While the term "upon" can have various meanings, we find that being "upon" a vehicle includes "leaning" on that vehicle.
At the first hearing on April 19, 1999, the judge found that at the time of the accident, Mr. Aucoin was leaning on the Guidry vehicle:
And I will tell you that I am having difficulty with accepting the principle that the insuring agreement intended to cover as occupying someone in the position of Mr. Aucoin in this case, whose contact, I think, is undisputed in this case. The contact with the vehicle in question, the vehicle insured by the Lafayette Insurance policy, that contact amounted to leaning against a vehicle and speaking to a passenger. I think there is no dispute. And, if there is, someone needs to speak up, but I see no dispute in the record as to the facts involved in this case, which are that Mr. Aucoin was not a passenger in the vehicle... but was simply leaning against the vehicle carrying on a conversation.
While factually, Mr. Aucoin was plainly "upon" the Guidry vehicle, the issue in this summary judgment setting is to decide whether the trial court, as a matter of law, correctly interpreted the insurance contract, namely whether the term "upon" must mean "physically upon" plus some legal or functional relationship between the claimant and the vehicle.
The case law in this area can roughly be divided into two categoriesthose cases where the claimant had physical contact with the vehicle and those cases where the claimant did not have physical contact with the vehicle. In the seminal case of Westerfield v. LaFleur, 493 So.2d 600 (La. 1986), our Supreme Court held that a plaintiff attempting to come within coverage of an uninsured motorist clause need not prove, as an essential element of the claim, that he was actually physically touching the vehicle at the time of the injury. In this case, a child was struck and killed by an underinsured vehicle while crossing the highway to board a school bus. The definition of "occupying" under the bus's insurance policy was "in or upon or entering into or alighting from." The trial court dismissed the wrongful death action because it found that although the child was attempting to board the school bus, she was neither "entering into" the bus nor touching the bus when she was killed. Thus, she was not "occupying" the bus at the time of the accident. The Supreme Court reversed the lower courts and found that the child was "occupying" the bus at the time of the accident. The Court fashioned a test for determining when a claimant is "occupying" a vehicle for the purpose of coverage: whether or not the person was engaged in activities related to the use of the insured vehicle; *98 or was performing an act that was physically and directly related to the car.
In the cases that followed where there was no contact with the vehicle at the time of the accident, the courts used the same or a similar test. In Washington v. Allstate Ins. Co., 499 So.2d 1255 (La.App. 4 Cir.1986), the plaintiff was standing between his car and Hulbert's car, which he was working on, when a third car hit the back of his car causing him to be pinned between the two cars. The plaintiff sought UM coverage from Hulbert's insurer claiming that he was "occupying" Hulbert's car. Denying plaintiff coverage, the court stated:
Whether he was physically touching the Hulbert vehicle is not absolutely determinative. The focus should be upon the relationship between the person and the vehicle, obviously of time and distance... [Plaintiff] was standing between the cars when the impact occurred and that may well have been his only contact with the insured vehicle. The fact that the impact caused him to touch the insured vehicle should not determine coverage.

Id. at 1258.
In White v. Williams, 563 So.2d 1316 (La.App. 3 Cir.1990), the plaintiff went to a gas station and filled his car with gas. When he was walking back to his car after paying the cashier, he was hit. Applying the Westerfield test to find coverage, the court stated:
Applying those principles to the undisputed facts of this case, the Court is of the opinion that plaintiff had never abandoned his relationship as passenger of the insured vehicle. His physical departure was solely for the purpose of performing an act that was physically and directly related to the car. He never turned aside from this mission and was in fact in the process of resuming his physical contact with the vehicle when injured.

Id. at 1318.
In Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1 Cir.1997); 700 So.2d 951, plaintiff was struck six or seven feet from his vehicle while walking across the parking lot for the purpose of getting some water from a convenience store. In determining that plaintiff was not "occupying" the insured vehicle, the court stated:
He had no physical contact with it at the time of the accident. More importantly, his physical and intentional relationship to the vehicle had become attenuated... Most importantly, the record shows Minor was clearly not "in" the truck, nor was he "upon" it or "getting in" it. And because he was already some distance from the truck and approaching the store entrance, he was no longer "getting out" of or "getting off" of the vehicle when he was hit. Finally, Minor was no longer within the zone of risk attendant to getting out or off the vehicle.

Id. at 957.
Based on this line of cases dealing with accidents where there was no physical contact with the vehicle, defendant concludes "Louisiana courts have required more than mere physical contact with a vehicle for a finding of vehicle occupancy." We do not agree. We understand this line of cases to mean that when there is no physical contact or when it is uncertain whether there was contact, the courts will look beyond the issue of contact to determined whether a relationship existed between the claimant and the vehicle. In other words, the courts, both before and after Westerfield, have expanded the meaning of "occupancy" to afford coverage for those who were not in contact with the vehicle. (See Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971) and Hendricks v. American Employers Ins. Co., 176 So.2d 827 (La.App. 2 Cir.), writ refused, 248 La. 415, 179 So.2d 15 (1965)). This line of cases, therefore, is inapposite in affording any determinative value for the issue in the case sub judice. Since Mr. Aucoin was in physical contact with the Guidry vehicle at the time of the accident, the starting point in our analysis *99 is the second category of cases, which deals with claimants who had physical contact with a vehicle at the time of the accident.
In Macalusa v. Hartford Accident and Indemnity Co., 343 So.2d 1217 (La.App. 4 Cir.1977), the plaintiff was injured while using his automobile to start an airboat motor on a stand. When the motor started, it pushed itself toward the plaintiff who attempted to avoid the propeller by putting his left arm up to brace the motor and his right arm on the car. The court found that he was "occupying" the vehicle. In Bloodworth v. Carroll, 455 So.2d 1197 (La. App. 2 Cir.1984), plaintiff and a friend were talking while leaning on the back of the Camaro which plaintiff planned to ride home in. Plaintiff's ex-husband backed his car into the Camaro pinning plaintiff between the two cars. In a succinct disposal of the issue, with no mention of legal relationships, the court found that the plaintiff was "occupying" the Camaro:
Actual physical contact with the insured vehicle is construed as being on it and comes within the definition of occupying it for the purpose of coverage under the policy ... The trial judge found the plaintiffs were leaning against the Camaro as the accident happened and this finding of fact is fully supported by the record. The contention that Mrs. Anderson and Mrs. Bloodworth were not occupying the Camaro has no merit.

Id. at 1204.
In Hastings v. International Service Insurance Co., 490 So.2d 656 (La.App. 2 Cir.1986), plaintiff, a gas station attendant, was pumping gas into a 1984 Oldsmobile. With his right hand on the pump nozzle and his left hand on the trunk of the Olds, plaintiff was struck by the parked car behind him, which rolled forward pinning his right leg between the bumpers of the two vehicles. The court found that plaintiff was "occupying" the Olds.
Defendant claims that in this line of cases, claimants were allowed to recover not based solely on the physical contact with the vehicles, but because there was also some legal or functional relationship with the vehicle. In Macalusa, 343 So.2d 1217, the claimant was the owner of the vehicle; in Bloodworth, the claimant was going to be a passenger, and in Hastings, 490 So.2d 656, the claimant was pumping gas into the vehicle. In other words, according to defendant, "Louisiana courts state that incidental physical contact is not enough." We can find no Louisiana case which makes such a pronouncement. In fact, dicta in several cases would suggest otherwise. In Hastings, the court stated:
Defendant, however, contends that uninsured motorist coverage should not be extended to persons who do not intend to use or ride in the insured vehicle. We disagree. The purpose of LSA-R.S. 22:1406(D), the uninsured motorist statute, is "to protect those willing to accept its protection from all harm whatever their statuspassenger, driver, pedestrianat the time of injury, produced by uninsured motorists.

Id. at 658, 659.
In White, the court stated:
Insured is described as a person who uses or occupies the vehicle. Had plaintiff been touching the vehicle or actually pumping the gas into the vehicle at the time of his accident there would be no question but that he would be using or occupying the vehicle and would be an insured under the terms of the policy.

Id. at 1317.
In Macalusa, the court stated:
We reason that coverage is not limited by the policy to typical automotive accidents. For example, one sitting atop his insured car watching a Mardi Gras parade is, within the express definition of the policy, `occupying' the car because `upon' it. He is therefore covered for accidental injury by a thrown trinket from the parade (or by a drunken reveler's thrown bottle, or by a low-flying airplane). If the underwriter desires not to afford coverage for every accidental *100 injury whatsoever while `upon' the car the policy should not promise coverage in those terms. If we `extend' coverage, we do so only by deciding that one leaning with one arm against the car is `upon' it, and not by holding that an unusual accidental injury is an `injury... caused by accident'. And our view is that one who leans upon a car (for whatever purpose) is upon the car.

Id. at 1219.
The defendant is asking this court to superimpose the "legal or functional relationship" test onto the "physical contact" inquiry. This we cannot do. Under the present jurisprudence, that a legal or functional relationship existed when the recovering claimant was in physical contact with a vehicle at the moment of impact has not been a necessary condition to recovery.
The question of whether or not a person is "occupying" a vehicle is a mixed question of fact and law. The court must first make factual findings regarding the physical relationship of the victim to the insured vehicle. Once those facts are determined, the court must interpret the policy language and apply the law to the particular circumstances before the court, and may be guided by other cases which have interpreted similar policy provisions. Minor v. Casualty Reciprocal Exchange, 96-2096 (La.App. 1 Cir. 9/19/97); 700 So.2d 951.
We find that under the facts of the case subjudice, Mr. Aucoin was clearly "upon" the Guidry vehicle at the time of the accident and was therefore "occupying" it. We also find that under the language of defendant's insurance policy, there is no requirement that the claimant be owner, passenger-oriented, or working on the vehicle at the time of the accident in order to be covered. Defendant's argument that such a legal or functional relationship is required is an attempt to create an exclusion in its policy where none exists. Exclusionary clauses must be interpreted strictly in the insured's favor and implication will not suffice. Borden Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983). The lower court was in error in granting defendant's motion for summary judgment.

DISPOSITION
For the foregoing reasons, the judgment of the trial court granting defendant's motion for summary judgment is reversed. The plaintiff's Motion for Partial Summary Judgment is granted. All costs of this appeal are assessed to the defendant/appellee.
REVERSED AND RENDERED.

ON MOTION FOR REHEARING
PICKETT, Judge.
A rehearing on behalf of Lafayette Insurance Company is denied. Pursuant to Stephen Blake Aucoin's and Dana Aucoin's Motion to Supplement Judgment, the motion is granted and the judgment is modified. The Plaintiff's partial summary judgment in favor of coverage is granted. The modified DISPOSITION of this case shall read:
For the foregoing reasons, the judgment of the trial court granting defendant's motion for summary judgment is reversed. The plaintiffs Motion for Partial Summary Judgment is granted. All costs of this appeal are assessed to the defendant/appellee.
REVERSED AND RENDERED.
[Editor's Note: Amendment incorporated for publication purposes.]