J^DECUIR, Judge.
Plaintiffs, Stephen Aucoin and his wife Dana Aucoin, appeal the trial court’s grant of a motion for summary judgment declaring that Stephen Aucoin was not entitled to uninsured motorist coverage from The Travelers Indemnity Company of Illinois.
FACTS
On July 22, 1997, Stephen Aucoin was traveling northbound on Interstate 49 in Lafayette, Louisiana. Aucoin was driving a van owned by his employer, Garber Industries, or its affiliate, Gulf Stream Rental Tools. Both Garber and Gulf Stream are named insureds on the Travelers poli.cy-
As Aucoin was driving, he saw Allen Guidry, a longtime friend. Guidry was driving a truck owned by his employer, Lafayette Tire. The two pulled off on the shoulder of 1^49 near the Gloria Switch exit to talk.' Aucoin got out of the Garber van and went to the Guidry vehicle, where the two men talked for several minutes.
While talking Aucoin noticed a white Jeep, being driven by Sharon Frederick, coming straight at him on the shoulder of the interstate. Aucoin ran to the front of the Guidry vehicle and attempted to pull himself around the front. Unfortunately, he was unable to avoid being struck by the Jeep and thrown into the Garber van, which he had left parked in front of the Guidry vehicle.
As a result of the impact, Aucoin’s left leg was amputated above the knee. His pelvis was shattered, requiring two surgeries to repair. In addition, Aucoin was forced to undergo a ureterostomy and a colostomy, as well as subsequent reversals of these procedures to restore normal toiletry functions.
Sharon Frederick had only a J%o liability policy issued by Farm Bureau on the date of the accident. The Garber vehicle was insured by a policy issued by 1 ¡/Travelers, which also offered UM coverage. The *168 Guidry vehicle was insured by a policy issued by Lafayette Insurance Company, which included UM coverage.
The Aucoins originally filed suit against Lafayette Insurance, as the UM insurer of the Guidry vehicle. The petition was amended to name Travelers as a defendant. Aucoin alleged that he was entitled to coverage under the Lafayette Insurance policy because he was “occupying” the Gui-dry vehicle. The district court disagreed and dismissed the Aucoins’ claim against Lafayette Insurance. The Aucoins appealed to this court, which reversed the trial court and held that Aucoin was “occupying” the Guidry vehicle and entitled to UM coverage under that policy. See Aucoin v. Lafayette Ins. Co., No. 99-1391 (La.App. 3 Cir. 2/16/00); 771 So.2d 95.
The Aucoins also sought UM coverage under the Travelers policy in an attempt to fully recover for Aucoin’s catastrophic injuries. Travelers filed a motion for summary judgment, and the Aucoins filed a cross motion for partial summary judgment. Both motions were related to the availability of UM coverage to Aucoin under the Travelers policy. The trial judge granted Travelers’ motion for summary judgment and dismissed all of the Aucoins’ claims against Travelers. The Aucoins lodged this appeal.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). A dispute as to whether, as a matter of law, the language of an insurance policy provides coverage to a party can be properly resolved within the context of a |amotion for summary judgment. Pridgen v. Jones, 556 So.2d 945 (La.App. 3 Cir.1990).
UM COVERAGE UNDER TRAVELERS POLICY
The Aucoins contend that the trial judge erred in concluding that Aucoin was not covered by the UM portion of the Travelers policy. We agree.
La.R.S. 22:1406 requires that all policies issued in Louisiana shall provide UM coverage equal to the liability coverage for all “insureds” under the policy, unless validly rejected. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. “In other words, any person who enjoys the status of insured under a Louisiana motor vehicle liability policy which includes uninsured/underinsured motorist coverage enjoys coverage protection simply by reason of having sustained injury by an uninsured/underinsured motorist.” Howell v. Balboa Ins. Co., 90-0339 (La.6/29/90); 564 So.2d 298, 302. Accordingly, to determine whether Aucoin is entitled to UM coverage under the Travelers policy, we must first determine whether he had insured status under the liability portion of the policy. See Sanner v. Zurich-American Ins. Co. of Illinois, 94-366 (La. App. 3 Cir. 5/10/95); 657 So.2d 252.
The liability portion of the Travelers policy reads in pertinent part as follows:
The following are “insureds”:
a. You for any covered “auto.”
b. Anyone else while using with your permission a covered “auto” you own, hire or borrow ...
The policy defines “you” as the Named Insured shown in the declarations. Aucoin is not a named insured in the declarations. Furthermore, it is undisputed that Aucoin was using the vehicle with proper permission while he was driving it. Travelers Lcontends, however, that he was not using the vehicle while talking to Guidry on the side of the road.
Louisiana courts have addressed the issues of liability coverage under similar facts. See Carter v. City Parish Gov’t, 423 So.2d 1080 (La.1982); Hobbs v. Rhodes, *169 95-1937 (La.App. 4 Cir. 11/30/95); 667 So.2d 1112, writ denied, 96-0733 (La.5/3/96); 672 So.2d 691; Cantrelle v. State Farm General Ins. Co., 618 So.2d 997 (La.App. 1 Cir.1993). The critical consideration in each case was whether the insured’s actions constituted a “use” of the vehicle. Travelers provided no definition of “using” in their policy.
In the present case, Aucoin was driving the vehicle when he saw Guidry and they stopped on the shoulder of the road. Au-coin stopped approximately four feet in front of Guidry, left his vehicle motor running and went back to speak to Guidry. We find that while Aucoin was not in the vehicle, he was nevertheless “using” the vehicle. Therefore, under the terms of the policy Aucoin was an insured for purposes of liability coverage.
Aucoin argues that under Howell and its progeny he is, therefore, also an insured' for purposes of UM coverage. Travelers argues that those cases are not applicable because they did not involve permissive users. While that is true, the cases involved any number of parties which were insureds by reason of the policy language rather than by being declared named insureds. In light of the strong public policy reflected in the Louisiana UM coverage statute, we find no reason to exclude permissive users from this group. We are not persuaded by Travelers’ argument that expanding coverage to permissive users creates an unmanageable insurance risk. To the contrary, Travelers is free to define “using” in its policy or to select other language.
|s Travelers next argues that Au-coin is excluded from coverage based on the language of its UM endorsement. The UM endorsement defines “insured” in pertinent part as “anyone else occupying a covered auto.” “Occupying” is defined as “in, upon, getting in, on, out or off.”
Travelers cites numerous cases, most notably Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97); 691 So.2d 665, which have concluded that persons in Aucoin’s situation are not “occupying” the vehicle for purposes of UM coverage. Since this court has already concluded that Aucoin was “occupying” the Guidry vehicle, we have no problem agreeing that he was not “occupying” the Garber vehicle. However, the inquiry does not end there.
The cases cited by Travelers either did not address the issue of whether the party was an insured under the liability portion of the policy or interpreted “occupying” language from that portion of the policy. The parties have not cited, nor have we found, a case where the court addressed the issue of coverage where the definition of an insured was different for the liability and UM portions of the policy.
Therefore, the language of the policy leads us to two seemingly conflicting conclusions. On the one hand, the cases support a finding that Aucoin was “using” the vehicle and was thus an insured entitled to UM coverage. On the other hand, the cases support a finding that he was not “occupying” the vehicle and thus is not entitled to UM coverage. To resolve the issue we must consider the policy language and La.R.S. 22:1406. The supreme court has held that the statute is to be liberally construed, and exceptions to mandatory uninsured motorist coverage are to be strictly interpreted. See Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). “[Ijnsurance policies are to be construed in their ordinary and popular sense, with any | ^ambiguities construed against the insurer which prepared the policy and in favor of coverage.” Guillory v. Morein, 468 So.2d 1254, 1257 (La.App. 3 Cir.1985).
We find that the conflicting definitions of “insured” in the Travelers’ policy are ambiguous. As such we construe them in favor of coverage, and find that Aucoin is covered under the UM portion of the policy.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the case *170 remanded for further proceedings. All costs of this appeal are taxed to appellee, Travelers Indemnity Company of Illinois.
REVERSED AND REMANDED.