837 So.2d 772 (2003)
Cathy Jean Stansfield COGGIN, Appellant,
v.
David Scott COGGIN, Appellee.
No. 2001-CA-00133-COA.
Court of Appeals of Mississippi.
February 11, 2003.
*773 Ben Logan, Tupelo, attorney for appellant.
Jak McGee Smith, Tupelo, attorney for appellee.
Before SOUTHWICK, P.J., LEE and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Cathy Coggin was awarded a divorce based on the ground of adultery *774 from David Coggin on January 5, 1999. Judge Charles D. Thomas of the Lee County Chancery Court also awarded Cathy the marital home and one acre of land.
¶ 2. On December 12, 2000, after hearing much contradictory evidence on the subject, Chancellor Thomas issued an opinion and final judgment dividing the remainder of the marital assets, including various farm equipment, building materials, and automobiles. Additionally, the chancellor ordered David to pay one-half of Cathy's attorney's fees. Since the earnings potential of both parties was relatively equal, the chancellor did not award Cathy alimony. Cathy now appeals, raising four issues:
I. WHETHER THE CHANCELLOR ERRED IN FAILING TO IDENTIFY THE PARTIES' ASSETS, RESULTING IN AN ERRONEOUS EQUITABLE DISTRIBUTION.
II. WHETHER THE CHANCELLOR ERRED IN IDENTIFYING THE CHARACTER OF SEVERAL OF THE PARTIES' ASSETS, RESULTING IN AN ERRONEOUS EQUITABLE DIVISION.
III. WHETHER THE CHANCELLOR ERRED IN EMPLOYING SEVERAL OF THE FERGUSON FACTORS AS GUIDELINES FOR THE EQUITABLE DIVISION.
IV. WHETHER BY COMMITTING ANY OF THE PREVIOUS ERRORS, THE CHANCELLOR ERRED IN DENYING ALIMONY TO CATHY COGGIN.

Property Division
¶ 3. Since the first three assignments of error all concern the chancellor's property division, they will be considered together. The Court will not substitute its judgment for that of the chancellor, even if this Court disagrees with the findings of fact and would arrive at a different conclusion. Richardson v. Riley, 355 So.2d 667, 668 (Miss.1978). Thus, the chancellor's findings will stand unless "manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). When no specific findings appear in the record, the Court will generally presume "the chancellor resolved all such fact issues in favor of the appellee." Maslowski v. Maslowski, 655 So.2d 18, 20 (Miss.1995).
¶ 4. The Mississippi Supreme Court has stated eight factors a chancellor should consider when equitably dividing marital property:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance *775 or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;
7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). The chancellor need not consider all eight of the factors, but must consider all applicable to the property in question. Carrow v. Carrow, 741 So.2d 200, 202(¶ 10) (Miss.1999).
¶ 5. In the instant case, the chancellor used the applicable Ferguson guidelines. However, it was not clear in the chancellor's original opinion whether he considered the depletion of retirement and insurance assets. Retirement plans are marital assets. Owen v. Owen, 798 So.2d 394, 400(¶ 16) (Miss.2001). During the course of the marriage, Cathy had used the cash value of her retirement account to support the family on the assurance that David would increase the contributions to his retirement account. Then, in 1996, after Cathy filed for divorce, but before the decree was issued, David cashed in his state retirement, valued at approximately $17,000 before taxes.
¶ 6. David was the owner of four life insurance policies: One on himself, one on Cathy, and one on each of their two children. After David left the marital domicile, Cathy continued payments on the policies for herself and the two children, thus increasing their value. In December of 1998, David withdrew the cash value on those three policies and reportedly used it for (nonmarital) business purposes.
¶ 7. In an amended opinion, the chancellor clarified the matter, and indicated that he did consider the pre-divorce distribution of these marital assets. It was this consideration which led the chancellor to award Cathy Coggin eighty percent of the remaining marital estate, and David Coggin twenty percent.
¶ 8. Since the chancellor considered all relevant Ferguson factors, we cannot say that his judgement concerning the property division was manifestly wrong or clearly erroneous. Therefore, we affirm this part of the judgment.

Alimony
¶ 9. We now turn to the issue of whether the chancellor erred by denying any form of alimony to Cathy. Once again, a limited standard of review is used to evaluate a chancellor's decision. "The chancellor's decision on alimony will not be disturbed on appeal unless it is found to be against the overwhelming weight of the evidence or manifestly in error." Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992) (citing McNally v. McNally, 516 So.2d 499, 501 (Miss.1987)) (citing Harrell v. Harrell, 231 So.2d 793 (Miss.1970)). Additionally, all awards to a spouse must be considered together to decide if they are equitable and fair. Hubbard v. Hubbard, 656 So.2d 124, 130 (Miss.1995) (citing Ferguson, 639 So.2d at 929).
¶ 10. The guidelines to be used in determining if alimony is appropriate in a particular case were established in Armstrong v. Armstrong, 618 So.2d 1278 (Miss. 1993). They are: (1) The income and expenses of the parties; (2) the health and earning capacities of the parties; (3) the needs of each party; (4) the obligations *776 and assets of each party; (5) the length of the marriage; (6) the presence or absence of minor children in the home; (7) the age of the parties; (8) the standard of living of the parties, both during the marriage and at the time of the support determination; (9) the tax consequences of the spousal support order; (10) fault or misconduct; (11) wasteful dissipation of assets by either party; or (12) any other factor deemed just and equitable. Armstrong, 618 So.2d at 1280.
¶ 11. While the chancellor did not consider all of the Armstrong factors, his decision on alimony cannot be said to be against the overwhelming weight of the evidence. The chancellor found both parties to have similar earning capacity. During the marriage, David and Cathy lived frugally, relying on just one income to pay bills. Additionally, there was no proof introduced into the record that David had any substantial income from which to pay alimony. However, given David's fault, the chancellor did order him to pay half of Cathy's attorney's fees. When these facts are considered with the chancellor's conclusion that Cathy received eighty percent of the marital estate and David received twenty percent,[1] the alimony decision becomes even more reasonable.
¶ 12. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] These percentages have been adjusted to consider the amount of marital debt assigned to the parties as well.