MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Jimmie Lee Bond argues the Oktib-beha County Chancery Court’s equitable division must be reversed because the chancellor did not make sufficient findings regarding Donna Bond’s adulterous affair. Yet the chancellor’s final judgment of divorce clearly reflects that he weighed Donna’s adultery against her in ordering the equitable division, which heavily favored Jimmie. Finding no manifest error in the chancellor’s
 
 Ferguson
 
 analysis, we affirm.
 

 FACTS
 

 ¶ 2. Jimmie and Donna were married in June 2005. They have no children together. Almost four years after marrying, the parties separated. Shortly after, Jimmie filed for a divorce. The chancellor granted the divorce based on Donna’s adultery. In dividing the property, the chancellor awarded approximately ninety percent of the marital assets to Jimmie. Dissatisfied that Donna received even a ten-percent share in light of her adulterous affair, Jimmie filed a motion to reconsider, which the chancellor denied. He now appeals arguing that the chancellor, in his
 
 Ferguson
 
 analysis, failed to make sufficient findings regarding Donna’s adultery.
 

 STANDARD OF REVIEW
 

 ¶ 3. “Chancellors are afforded wide latitude in fashioning equitable remedies in domestic relations matters, and their decisions will not be reversed if the findings of fact are supported by substantial credible evidence in the record.”
 
 Henderson v. Henderson,
 
 757 So.2d 285, 289 (1119) (Miss.2000). We will not disturb a chancellor’s factual findings unless the chancellor’s decision was manifestly wrong or clearly erroneous, or the chancellor applied an improper legal standard.
 
 Wallace v. Wallace,
 
 12 So.3d 572, 575 (¶ 12) (Miss.Ct.App.2009). We do not substitute our “judgment for that of the chancellor, even if [we disagree] with the findings of fact and would arrive at a different conclusion.”
 
 Coggin v. Coggin,
 
 837 So.2d 772, 774 (¶ 3) (Miss.Ct.App.2003). But when reviewing a chancellor’s interpretation and application of the law, our standard of review is de novo.
 
 Tucker v. Prisock,
 
 791 So.2d 190, 192 (¶ 10) (Miss.2001).
 

 DISCUSSION
 

 ¶ 4. The sole issue Jimmie asserts is whether the chancellor abused his discretion by failing to expressly consider Donna’s adulterous acts when dividing the marital estate. Donna counters that the chancellor obviously considered her adulterous affair and weighed it against her.
 

 ¶ 5. In ordering an equitable distribution of property, chancellors must apply the
 
 Ferguson
 
 factors, which include:
 

 (1) contribution to the accumulation of property, (2) dissipation of assets, (3) the market or emotional value of assets subject to distribution, (4) the value of assets not subject to distribution, (5) the tax and economic consequences of the
 
 *773
 
 distribution, (6) the extent to which property division may eliminate the need for alimony, (7) the financial security needs of the parties, and (8) any other factor that in equity should be considered.
 

 Hults v. Hults,
 
 11 So.Sd 1273, 1281 (¶36) (Miss.Ct.App.2009) (citing
 
 Ferguson v. Ferguson,
 
 639 So.2d 921, 928-29 (Miss.1994)). Chancellors should also consider each party’s marital fault.
 
 Singley v. Singley,
 
 846 So.2d 1004, 1013-14 (¶ 26) (Miss.2002). There is a presumption that “the contributions and efforts of the marital partners, whether economic, domestic or otherwise are of equal value.”
 
 Hemsley v. Hemsley,
 
 639 So.2d 909, 915 (Miss.1994). In reviewing a chancellor’s findings, we do not conduct a
 
 Ferguson
 
 analysis anew.
 
 Goellner v. Goellner,
 
 11 So.3d 1251, 1264 (¶ 45) (Miss.Ct.App.2009). Rather, we examine the chancellor’s judgment and the record to ensure the chancellor applied the correct legal standard and did not commit an abuse of discretion.
 
 Id.
 
 at 1266 (¶ 52).
 

 ¶ 6. In
 
 Carrow v. Carrow,
 
 642 So.2d 901, 905 (Miss.1994), the Mississippi Supreme Court held that a chancellor erred in finding a wife’s “adulterous conduct precluded her from being entitled to any form of equitable distribution of the property upon divorce.” The
 
 Carrow
 
 court instructed that chancellors should not view equitable distribution as a means to punish the offending spouse for marital misconduct.
 
 See id.
 
 at 904 (citing
 
 Chamblee v. Chamblee,
 
 637 So.2d 850, 863 (Miss.1994)). Rather, “marital misconduct is a viable factor entitled to be given weight by the chancellor when the misconduct places a burden on the stability and harmony of the marital and family relationship.”
 
 Id.
 
 at 904-05 (citing
 
 Ferguson,
 
 639 So.2d at 927).
 

 ¶ 7. Here, the chancellor followed
 
 Car-row’s
 
 instructions. In assessing the factor for the parties’ contribution to the stability and harmony of the marriage, the chancellor found:
 

 Neither Jimmie nor Donna did all they could to provide stability and harmony to the family. Donna became infatuated with another man[,] and her romantic relationship with this third party caused the dissolution of the marriage.
 

 Thus, Jimmie’s contention that the chancellor did not make explicit findings on Donna’s marital fault is simply incorrect. The order shows he explicitly considered Donna’s adultery in his
 
 Ferguson
 
 analysis, as well as its causal effect on the deterioration of the marriage. And it is implicit in the order that the chancellor weighed this factor heavily against Donna.
 

 ¶ 8. We affirm the chancellor’s judgment.
 

 ¶ 9. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ„ CONCUR.