KING, C.J.,
for the Court.
¶ 1. This is an appeal from the Chancery Court of Rankin County, Mississippi, where Patricia Ann Larney Record (hereinafter Larney) and Timothy Daniel Record were granted a divorce on the grounds of irreconcilable differences. The parties were unable to reach an agreement as to the division of marital assets, liabilities, attorneys’ fees and alimony, and consented to their resolution by the chancellor. Aggrieved by the chancellor’s division of marital property, Larney appeals. She presents one issue for this court’s consideration, which we cite verbatim:
The trial court erred in making an inadequately small award of property to Appellant, in not awarding alimony, and in not making adequate explanation of its findings of fact to support its award of property division and denial of alimony.
Finding no error, we affirm.
FACTS
¶ 2. On August 10, 2001, Patricia Ann Larney and Timothy Daniel Record were married. Less than fourteen months later, on September 23, 2002, Record filed a complaint for divorce. Larney departed the marital residence on October 1, 2002, and filed a counterclaim for divorce on October 18, 2002. After a hearing on November 4, 2002, the Court entered a temporary order on November 6, 2002. In that order, Record was required to continue making payments on vehicles, insurance and other expenses associated with the residence located at 111 Dogwood Circle in Brandon, Mississippi. The court did not address the ownership of furnishings within the house. The court ordered Record to submit three monthly payments of $500 to Larney.
¶ 3. Following a May 14, 2003 trial, the chancellor issued his findings of fact and *173 conclusions of law on June 6, 2003. Lar-ney filed her motion for clarification and entry of judgement on July 16, 2003. On November 13, 2003, the court entered a final judgement of divorce along with a letter opinion providing clarification of his intent. On December 12, 2003, Larney filed notice to appeal the division of marital property, the denial of alimony and the denial of attorney’s fees.
¶ 4. The chancellor determined those items which were marital property, and divided them as follows:
2. Wife shall receive the following as her portion of the equitable distribution of the marital estate:
a. $6,500 to be paid by Husband within thirty (30) days of the entry of this Judgement,
b. All of her personal property which is now in her possession;
c. All of her personal property which is now located in the marital residence located at 111 Dogwood Circle, Brandon, Mississippi 39047, specifically including by not limited to the freezer, washer/dryer, DVD players, and one-half of their DVD’s.
d. Payment by Husband of Wife’s moving expenses associated with moving the property listed at c., above, to her residence in New York State, to be calculated as follows:
(1) Wife shall submit to Husband a written bill, or statement, from a professional moving company;
(2) Within fifteen (15) days of receipt of said bill or statement, Husband shall pay said bill or statement directly to said professional moving company, up to but not more than five thousand dollars ($5,000.00). Wife shall be responsible for any portion of said bill or statement which exceeds five thousand dollars ($5,000.00).
3. Wife shall be responsible for payment of the following debts:
(1) All of her school loans, specifically including loans associated with Plato and Direct Loans;
(2) One-half of all the debt of Citi-Bank which, at the time of trial, was approximately $5,395.60; and,
(3) Direct Merchants Credit Card.
3. Husband shall received the following as his portion of the equitable distribution of the marital estate:
a. The 1998 Oldsmobile Silhouette. Husband shall be responsible for all fees and expenses associated with motor vehicle including the total indebtedness at Trustmark National Bank for the original purchase of the automobile, and including its return to Mississippi and shall have Wife’s name removed from any indebtedness associated with said motor vehicle within thirty (30) days of entry of this Judgement.
b. All of Husband’s personal property now in his possession other than that specifically awarded to Wife, in Paragraph 2, above;
c. Husband shall be responsible for payment of the remaining debts incurred during the marriage until the date of separation (October 2, 2002) as and when their payment (or installment payments, as the case may be) becomes due, except those specially awarded to Wife, in Paragraph 2, above; and,
d. The house and lot located at 111 Dogwood Circle, Brandon Missis *174 sippi 39047 is confirmed as Husband’s sole and separate property.
¶ 5. The chancery court determined that Larney had monthly disability income of $1,278.73 as a result of illnesses prior to marriage and Record had a gross income of $5,821 per month with expenses of $4,513.32. Prior to marriage the parties maintained a separate residence and provided for themselves. Each party attended law school. Larney attended Massachusetts School of Law, and Record attended the University of Mississippi School of Law. Record is a licensed attorney and practices law in the state of Mississippi. Larney has unsuccessfully attempted both the Massachusetts and Mississippi Bar exams.
ISSUES AND ANALYSIS
¶ 6. This Court will not reverse the equitable division of marital property when supported by substantial evidence unless the chancery court failed to apply an appropriate legal standard or abused its discretion. Parsons v. Parsons, 741 So.2d 302, 306(¶ 19) (Miss.Ct.App.1999). Marital property is defined as “any and all property acquired or accumulated during the marriage. Assets so acquired or accumulated during the course of the marriage are marital assets and are subject to an equitable distribution by the chancellor.” Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). However, equitable distribution does not always mean an equal division. Chamblee v. Chamblee, 637 So.2d 850, 863-64 (Miss.1994); Dillon v. Dillon, 498 So.2d 328, 330 (Miss.1986); Rives v. Rives, 416 So.2d 653, 657 (Miss.1982). The chancellor may divide marital assets, real and personal, as well as award periodic and/or lump sum alimony, as equity demands. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994). In the final analysis, all awards should be considered together to determine that they are equitable and fair. Id.
The Mississippi Supreme Court has adopted guidelines to assist chancellors in the equitable division of marital property. Those guidelines are:
(1) the economic and domestic contributions by each party to the marriage,
(2) the expenditures and disposal of the marital assets by each party,
(3) the market value and emotional value of the marital assets,
(4) the value of the non-marital property,
(5) tax, economic, contractual, and legal consequences of the distribution,
(6) elimination of alimony and other future frictional contact between the parties,
(7) the income and earning capacity of each party, and
(8) any other relevant factor that should be considered in making an equitable distribution
Id. at 928. To aid appellate review, findings of fact by the chancellor, together with the legal conclusions drawn from those findings, are required. Id. at 929. The Ferguson court stated that the chancery courts must support their decisions with findings of fact and conclusions of law for the purpose of appellate review. Id. “The chancellor need not make findings as to all the Ferguson factors, but may consider only those factors he finds ‘applicable’ to the property in question.” Carrow v. Carrow, 741 So.2d 200(¶ 10)(Miss.1999). A reading of the chancellor’s findings of fact and conclusions of law, along with the final decree indicate that he did consider those Ferguson factors, which he believed to be relevant. Among the factors addressed was the extremely short duration of the marriage, eight months, and the *175 lack of financial resources, as contrasted with liabilities.
¶ 7. Larney contends that the court erred by failing to provide her with alimony. Alimony awards are left to the discretion of the chancellor. Tilley v. Tilley, 610 So.2d 348, 351 (Miss.1992). Based on the record, the chancellor viewed the total circumstances and determined that equity did not require the award of alimony to Larney. Considering most, if not all, of Larney’s requests were met through the chancellor’s award, the length of marriage and the equitable distribution of property, it is clear that the chancellor did not abuse his discretion in the denial of alimony.
¶ 8. Where the chancellor’s findings of fact are supported by substantial credible evidence, and he properly applies the law, we are obligated to affirm. Pacheco v. Pacheco, 770 So.2d 1007, 1009(¶ 8) (Miss.Ct.App.2000). In this case, the chancellor properly applied the law and his decision is supported by substantial evidence, accordingly, we affirm.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.